Johnson *v.* State.

(Division B. June 3, 1929. Suggestion of Error Overruled, October 10, 1929.

[122 So. 529. No. 27957.]

*G. C. Moreland,* of Corinth, for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

Griffith, J., delivered the opinion of the court.

The assignments of error relied on are solely of asserted errors of law. The errors are not manifest or self-evident, and yet not a single authority is cited in appellant's brief, nor is there any definite statement of any particular principle of law which appellant would have us apply.

The essentials of an appellate brief may be summarized as a condensed statement of the party's case, together

with a like statement of the propositions of law which the party desires to have applied thereto, with the reasons and authorities which sustain them. In this important step in appellate procedure it is seldom that it is any more permissible to omit the authorities and their application than it is to omit the condensed statement of the case.

"As far as possible, the reasons assigned should be supported by the citation of authorities or they will not be considered, unless it is clearly apparent that they are well taken." 3 C. J., p. 1431; 3 Ency. Pl. & Pr., pp. 722, 723; 4 Stand. Ency. Proc., pp. 576, 577, 584, 585. "It is the duty of counsel to make more than an assertion; they should state reasons for their propositions, and cite authorities in their support. . . . It is seldom sufficient to state naked legal propositions, for propositions are by no means always self-evident" (Elliott App. Proc., pp. 375, 376).; and when not self-evident the party who advances them and cites no authority to support them may justly be said to have failed to maintain them.

It is a strange case upon which, in these days of tens of thousands of law books, no authority can be found, and when none is presented and the proposition is not manifestly well taken, there is the practical presumption that the authorities do not sustain the proposition, else they would have been cited. The courts frequently speak of such unsupported propositions as having been waived because of the failure to properly present them. There are several reasons which make it necessary to give weight to the foregoing considerations, one of which is that no supreme court could ever keep up with its docket if the judges were put to the tasks of briefing those cases of which the parties themselves have thought too little to brief.

*Affirmed.*