## RAYL v. THURMAN.

(Division B. Feb. 3, 1930.)

[125 So. 912.   No. 28344.]

See, also, 123 So. 853, and 124 So. 432, 156 Miss. 1.

**Jesse M. Byrd,** of Leakesville, and **Currie & Currie,** of Hattiesburg, for appellant.

**J. W. Backstrom,** of Leakesville, for appellee.

12

**Griffith, J.**, delivered the opinion of the court.

Suit was filed in the chancery court by appellee to foreclose a deed of trust and to set aside certain conveyances as fraudulent. The deed of trust was given by appellant to secure a note for two thousand five hundred dollars, with interest, dated July 5, 1919, and due one year after date. The chancery court sustained the bill and entered a decree for appellee.

It is the first and principal contention of appellant that the record sufficiently shows that the entire debt has been paid and that the decree is therefore wholly erroneous. The manner in which appellant attempts to show this is by resort to a number of exhibits found in the record, which it is said were identified by the official stenographer and filed by the clerk, during the taking of testimony, on one of the hearings before the trial court. No notice was given the stenographer to transcribe the stenographic notes, and the exhibits mentioned are without the explanation that presumably would be furnished by a stenographic transcript. It is contended, however, that the amended answer, filed in response to an amended bill of discovery, contained a sufficient reference to these exhibits to make them a part of the record. Admitting them for the purposes of this case, but deciding nothing as a matter of precedent whether these exhibits are properly a part of the record,

we find that the items thereof, not credited on the back of the notes sued on, are as follows: (1) A canceled deed of trust for one thousand two hundred fifteen dollars; but this deed of trust appears to have been on an entirely separate tract of land, and the letters in evidence written by appellant indicate that this was a separate transaction and a different debt. (2) A canceled check for five hundred sixty-four dollars; but the exhibits and letters show that this was the balance due on the separate deed of trust last mentioned, and was not an application to the note and deed of trust here sued on. (3) A check for one thousand five hundred dollars; but the exhibit fails to show that this check was ever cashed, and the testimony of appellee asserts that this check was returned to appellant unused, and two letters of appellant in the record expressly mention and admit this to be the fact. This leaves only two other items, a check of fifty dollars dated February 1, 1922, and a receipt for one hundred dollars dated April 15, 1922; but it cannot be told from the record whether these apply to the second mortgage debt above mentioned or to the one sued on. In view of the positive testimony of appellee that all credits on the notes sued on were credited on that note, it must be taken as true, in view of the force of the chancellor's decree, that the two payments last mentioned were on the other debt.

Again, we find in the record a letter written by appellant dated October 22, 1923, in which he admits that according to his books he was on that date due appellee three thousand two hundred fifteen dollars, but whether this is of principal and does not include interest is not clear. Taking this, however, as the total, we find by looking to all the payments shown to have been made to appellee since that date that these were three: (a) eighty dollars, July 26, 1924; (b) five hundred sixty-four dollars, August 25, 1924; and (c) fifty dollars, June 17, 1925—a total of six hundred ninety-four dollars,

which, when taken from the three thousand two hundred fifteen dollars, leaves a balance of two thousand five hundred twenty dollars. And, when the proper calculations of interest are made, this brings the sum within a near approximation of the exact amount found by the chancellor as due for principal and interest.

There is yet another method apparent on the exhibits, which, when taken in connection with the deposition of appellee and the letters of appellant annexed thereto, will yield approximately the same result as that last above mentioned, but a further pursuit of the facts is unnecessary. The burden of proof was on appellant to show payment. Enough has been said to demonstrate that he has failed to do so. In any event, he has failed to show that the decree on the facts is manifestly erroneous, and that is his burden on appeal from the chancellor.

The second point relied on by appellant is that the final decree is void because rendered in vacation without the consent of the parties that the case should be determined in vacation. There is attached to appellee's brief a letter, written by the solicitor for appellant in the trial court, that the order for the vacation decree was made by consent of the parties—in fact, was so made at the earnest request of appellant's trial solicitor. But we lay aside this letter under the general rule that facts are not to be brought into a case by way of briefs of counsel, and look solely to the order of the court. The order made and entered at the October, 1928, term of the chancery court reads as follows:

"The above styled cause is submitted to the court for final hearing upon amended bill of complaint, amended answer, deposition of complainant, testimony of A. M. Rayl taken at a former term if procured within thirty days from this date together with exhibits to said testimony. If said testimony of said Rayl is not procured

within thirty days cause is to be heard and decided without said testimony.

"If said testimony is filed within said time, complainant, if he request, to be allowed ten days in which to file brief with the court, and if defendant's counsel shall so request, he to be allowed to file reply brief within ten days thereafter. After which time the court will adjudicate said cause and enter decree in vacation."

It will be observed that the "cause is submitted to the court for final . . . decree in vacation." There is no question but that a decree in chancery must be characterized by a reasonable certainty in its terms, and this is particularly true in respect to those provisions which fix the rights and liabilities of the respective parties to the cause. But decrees will be construed as a whole, and in doing so there is to be observed the same rules of construction which appertain to other legal documents, that is to say, effect must be given to all its recitals and with the prime object to ascertain the intention that selected the words used therein. What was the meaning, then, of the words "the cause is submitted to the court for final . . . decree in vacation?" Ordinarily, when a case is spoken of as having been submitted, it means that the parties have delivered same over, or referred it, to the court for disposition. More technically it may mean that the parties so refer the cause without argument. And in another sense it may be said of one party that he submits his case when he has nothing further to say either by way of proof or of argument. But here we have a case wherein the court in term time is making an order for decree in vacation. The court does not submit a case to itself, the parties take that step. And, of course, one party may not submit a case to be heard in vacation. This can be done only by all the parties. The words in the order must be construed, therefore, as having been used in the legal sense, namely, that all the parties submitted the cause for decree in vacation; and,

since parties must be presumed to have acted in good faith—and in a matter of this kind they will not be heard to aver to the contrary—it must be held that in the submission they assented to that which would make the submission valid. We hold, therefore, that the order is sufficient as an evidence of consent to uphold the authority of the court to act under it in vacation.

The other assignments are not argued, and are therefore taken as waived.

Affirmed.