GOODYEAR YELLOW PINE CO. *v.* LUMPKIN.

(Division B. Nov. 17, 1930.)

[130 So. 745. No. 28979.]

Luther L. Tyler, and J. C. Shivers, both of Picayune, for appellant.

**J. E. Stockstill**, of Picayune, and **Hall & Hall**, of Columbia, for appellee.

**Griffith, J.**, delivered the opinion of the court.

There are two assignments of error both of law, yet there is not a single citation of authority in appellant's brief; and, although there is what might be regarded as a general indication of principles of law which appellant would have us apply, it is not made clear that, under authority in point, it is requisite that the indicated general principles must have the asserted application

to the particular facts of this record. We must therefore refer to and repeat the language used in Johnson v. State, 154 Miss. 512, 122 So. 529, and affirm the judgment.

And we take this occasion to add, to what was said in the Johnson case, that there is no justification, for a brief of such a character as not to fulfill the substantial offices for which briefs are required, in the offer of the excuse, as we occasionally hear, that no authorities in point are cited and no definite principle of law is stated, relied on, and cogently applied, because the proposition is self-evident, or as the more often said, is "elementary law." Our trial judges are learned in the law, and what they do is presumed to be correct. It therefore follows that, where a particular legal proposition, acted upon deliberately by the trial judge, is asserted as material error, it is so rare a case that the action can be said to be manifestly in contravention of elementary law, that, so far as concerns the course to be followed by the parties litigant, it disappears from the picture as any part of appellate procedure.

Affirmed.