STATE ex rel. SUDDOTH v. TANN, SUPERINTENDENT OF STATE PENITENTIARY.

(Division B. Jan. 28, 1935.)

[158 So. 777. No. 31548.]

(Division B.  Feb. 11, 1935.)

[159 So. 539.  No. 31548.]

Chalmers Potter and Green, Green & Jackson, all of Jackson, for appellant.

164

**J. A. Lauderdale**, Assistant Attorney-General, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Under chapter 145, Code 1930 (section 5717 et seq.), appellant relator was appointed dispatch sergeant for the state penitentiary for a term of one year beginning January 1, 1934. On April 2, 1934, the Legislature repealed chapter 145, Code 1930, and enacted chapter 147, Laws 1934, in lieu thereof. By section 11 of that act the superintendent was authorized to appoint a dispatch sergeant, pursuant to which the superintendent appointed Sam Nunnery on April 7, 1934. Mr. Nunnery immediately qualified and entered upon the performance of the duties of the employment, and appellant relator retired therefrom.

On July 3, 1934, the board of trustees of the penitentiary made an allowance to relator for three hundred ninety dollars as his salary as dispatch sergeant from April 7, 1934, to June 25, 1934, but the superintendent declined to honor the order, and soon thereafter this petition for a writ of mandamus was brought by the relator against the superintendent, and from a judgment denying the writ relator has appealed.

If chapter 147, Laws 1934, is constitutional as respects the position of dispatch sergeant, appellant relator has either no right or title to the employment or to the compensation thereof, or else and at best only a doubtful right and title. Appellant has submitted no argument here that said chapter 147, Laws 1934, is unconstitutional, in whole or in part, but as to his right and title to the employment and the compensation thereof he relies solely on the judgment or order of the board of trustees making the aforesaid allowance. Appellant contends that the board is a quasi judicial body, and that its adjudication that appellant is legally entitled to the employment and to the compensation therefor is of binding authority and is now conclusive, since no effort has been made to review or reverse that adjudication.

The final authority to determine whether or not the Legislature, in enacting a statute, was within its constitutional powers is vested in the judiciary. 12 C. J. 775; 6 R. C. L. 71. The determination of such a question by a board or commission, not being of the judiciary itself, has no final or binding effect. Hence the adjudication by the board of trustees relied on here is ineffectual towards sustaining this petition, and since at most the relator has presented only a doubtful, rather than a clear, legal right, the judgment of the trial court denying the writ must be affirmed.

Affirmed.

On Suggestion of Error.

**Anderson, J.,** delivered the opinion of the court on suggestion of error.

Our original opinion held that, unless chapter 147, Laws 1934, be unconstitutional, appellant had no right to maintain his petition for mandamus, and called attention to the fact that appellant had submitted no argument that the said chapter is unconstitutional, in whole or in part. Appellant now presents a suggestion of error, and for the first time argues the constitutional question mentioned.

It is a rule of practice in nearly all appellate tribunals, and certainly so in this court, that a point not argued at all is to be taken as waived. See, for instance, Bridges v. State, 154 Miss. 489, 122 So. 533; Rayl v. Thurman, 156 Miss. 8, 125 So. 912. Some of the reasons which form the foundation for this rule are to be found stated in Johnson v. State, 154 Miss. 512, 122 So. 529, and Goodyear Yellow Pine Co. v. Lumpkin, 158 Miss. 578, 130 So. 745. As a corollary of this rule, the practice is also that this court will not consider, "on a suggestion of error, a new contention, one not assigned or argued on the submission of the case." Eady v. State, 153 Miss. 696, 122 So. 199, 200. In that case the court added that "as a general rule it is no more permissible on appeal to present a case in halves or by piecemeal than it would be on the original trial." See, also, McCaskey Register Co. v. Swor, 154 Miss. 396, 400, 122 So. 489, 753.

Suggestion of error overruled.