ADCOCK *et al. v.* BOARD OF SUP'RS OF WINSTON COUNTY.

(In Banc. May 26, 1941. Suggestion of Error Overruled June 14, 1941.)

[2 So. (2d) 556. No. 34665.]

380

**Hoy Hathorn,** of Louisville, for appellants.

Rodgers & Prisock, of Louisville, for appellee.

Argued orally by **Henry Rodgers**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

At the regular December, 1940, meeting of the Board of Supervisors of Winston County, an order was duly adopted and entered upon the minutes fully adjudicating all the necessary jurisdictional facts to entitle the said board of supervisors to issue the sum of $17,000 in school bonds on behalf of the Naniah Waiya Special Consolidated School District, under the provisions of Section 6643 of the Code of 1930 for the purposes therein specified. The appellant and others undertook to appeal to the next term of the circuit court of the county from this order of the board of supervisors by means of a bill of exceptions as provided for by Section 61 of the Code of 1930, which requires that the facts and decisions of the board be embodied in such bill of exceptions duly signed by the person acting as president of the board, and that the circuit court shall hear and determine the same on the case thereby presented as an appellate court. The bill of exceptions undertook to recite the matters and things which had transpired at the said December, 1940, meeting of the board by setting forth therein the numerous objections made by the appellant and others at said meeting and averring facts in conflict with the express adjudications contained in the order of the board appealed from, but such order was attached thereto as an

exhibit to the bill of exceptions and is made a part thereof by the statute. A counter-petition referred to in the record on appeal to the circuit court is not made a part thereof, nor is it before us. Aside from the foregoing considerations, the bill of exceptions does not embody the evidence on which the board of supervisors had rendered the judgment appealed from but it merely states the grounds of the objections made before the board, as being contrary to the recitals of the board's order in the premises. The president of the board, when signing the bill of exceptions, acknowledged that such objections were in fact made by the persons who appeared as objectors, but we do not think that his act in so doing constitutes an agreement that the facts recited therein were true.

The judgment of the circuit court affirming the order and judgment of the board of supervisors providing for the issuance of the bonds in question is therefore affirmed.

Affirmed.