FREDERIC v. BOARD OF SUP'RS, JACKSON COUNTY..

(In Banc. Dec. 22, 1944. Suggestion of Error Overruled Jan. 22, 1945.)

[20 So. (2d) 92. No. 35724.]

**H. W. Gautier,** of Pascagoula, for appellant.

**H. P. Heidelberg,** of Pascagoula, for appellees.

**Griffith, J.,** delivered the opinion of the court.

Acting under chap. 198, Laws 1944, amendatory of chap. 448, Laws 1938, a rural zoning statute, the board of supervisors of Jackson County adopted an ordinance by which the strip of rural land herein described was declared to constitute Zoning District No. 1 of the county,

and it was ordained that no structure of any kind should be erected on the land except residences, and that no commercial business of any character whatsoever should be conducted within the restricted area. We shall assume for the purposes of the case that all preliminary steps were pursued as required, and no issue has been taken on the facts presented by the objections filed with the board, in due time, by the appellant who owns a frontage of 225 feet within the eastern end of the strip.

The strip or area involved is 500 feet wide, measured north and south, and is approximately 3,000 feet long, measured eastwardly and westwardly. It is bounded on the west by the corporate line of the City of Pascagoula, on the south by the shore line of the Gulf of Mexico, on the east by Bayou Chicot, and on the north by a line running parallel with the shore and all along 500 feet distant therefrom. It is not shown by the record whether, in the more than two hundred years since settlements were first made in that community, there has ever been more than one residence upon the entire area embraced within the described strip, but it appears that within recent years there has been one residence on it and that this has now been converted into a small country clubhouse. There is a paved road extending about two thirds of the distance from the city line eastwardly, but which falls considerably short of reaching appellant's property, and the only other road within the area is an ordinary county highway running back of the shore line from the west towards the east. The area has not been platted into lots and blocks, and there are no public conveniences such as transportation facilities, water mains, sewerage arrangements, electric lights or power lines, or telephones. It is in fact as barren of any of these, so far as the record shows, as is the most remote rural area in the county, except such as may have been brought by special arrangement to the clubhouse which has been mentioned.

We have heretofore upheld the validity of the standard zoning statute as applied to municipalities. City of

Jackson v. McPherson, 162 Miss. 164, 138 So. 604. Zoning statutes for rural areas have not been before us, and in only a few cases before the courts in other jurisdictions, and there different conclusions have been reached.

We do not find it necessary to consider whether the cited statute as amended is within the constitution. We may concede, without deciding, that from a constitutional standpoint it is valid. Even so, we must consider whether the ordinance enacted under it is within constitutional limitations. As was said in Taylor v. Village of Glencoe, 372 Ill. 507, 25 N. E. (2d) 62, 65: "In considering the question whether the particular ordinance is, in fact, in the interest of the public welfare, each case must be determined upon its own peculiar facts. A zoning ordinance may be valid in its general aspects, but when applied to a particular piece of property and a particular set of facts may be so arbitrary and unreasonable as to result in confiscation of the property. In such an instance, when applied to designated real estate, the ordinance is void." What was there said as to a particular piece of property has equal application when considering a particular area.

In examining into the validity of an ordinance such as this constitutional limitations are to be viewed in one or the other or perhaps in both of the aspects: (a) that private property shall not be taken or damaged for public use without compensation therefor having first been made to the owner; and (b) that no person shall be deprived of property except by due process of law. A zoning ordinance acquires no facility to avoid constitutional guaranties by the mere device of giving it a name, nor by coupling it with a commendatory preamble. The question remains, nevertheless, whether upon the actual facts the ordinance is, in its practical effect, confiscatory of private property for the public use and whether the essential conditions are present which will make it reasonable,—within fundamental concepts of right and justice, —to impose the restrictions for the conservation of the health, morals or welfare of the public; and the reason-

ableness of any ordinance is ultimately a judicial ques-tion.

It is not our purpose to outline what are the factual con-ditions which must be present in order to uphold a rural zoning ordinance as reasonable further than, as appli-cable to a case such as now before us, to state what, in any event, must be regarded as a minimum in require-ment when the effort is to create a strictly residential zone. In order that a rural area may be restricted by a zoning ordinance solely to residence purposes, as is the attempt here, and yet escape the rule against confisca-tion and unreasonableness, one or the other of the three following minimum conditions must be present as an essential foundation:

(1) The area must be, in fact, a residential section manifested by the actual presence of such a number of residences actually inhabited as to disclose that there is a fair or reasonable market demand for that purpose; or absent the above.

(2) The area must have been supplied, as available utilities, with the conveniences of improved roads, water supply, and ready connection for lighting whereby to create therein a market for residence lots at a fair and reasonable price; or absent both of the above.

(3) There must have been adopted by the public au-thorities, or by the owners in conjunction with the public, a comprehensive plan to furnish what is mentioned under numeral (2) and with dependable assurance that such a plan would be brought to fruition within a reasonably short time, so that thereby to produce a demand for the property for residence purposes at a fair market price.

Laying the facts as summarized alongside the requisite minimum conditions as stated, it is at once apparent that the factual situation in the present case falls far short of meeting either of the requirements, from which it must follow that the ordinance is invalid and of no enforceable effect.

We repeat that we have outlined conditions which as regards residential zoning of rural property, are to be taken as minimum requirements, for this is sufficient to the present case. As subsequent cases are considered, it may, and perhaps will, be that the court will revise and amend these requirements upward. As has been done in cases of municipal zoning laws, Euclid v. Ambler Realty Co., 272 U. S. 365, 397, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016, the courts will proceed in the development of more precise rules in the matter of rural zoning as the experiences of recurring cases will give further light to the path to be pursued.

We can perceive from this record that the real object which was sought to be served by this ordinance was to prevent the erection and operation by appellant of a large dance pavilion and public clubhouse, the construction of which appellant had begun, and which it was believed would be detrimental to the efficiency and output of an immense shipbuilding plant, employing more than ten thousand workers located in the adjoining municipality. However worthy the object, it must be obvious that if the entire area here in question cannot be brought at this time within the operation of a zoning ordinance, such as here proposed, then for the stronger reason it cannot be made to apply to a particular piece of property, no larger than that owned by appellant, within that area. In fact, we think it is safe to say that a particular object, of the particular character mentioned, directed towards a particular piece of small property, owned by a particular person, is not within the province of the zoning laws.

Reversed, and judgment here for appellant.

## On Suggestion of Error.

Smith, C. J., delivered the opinion of the court on suggestion of error.

Counsel for the appellee suggests that we erred in holding that this zoning order appears, from the evidence, to

be an unreasonable exercise of legislative power. In support of this contention he says that the bill of exceptions signed by the president of the board of supervisors does not disclose the evidence on which the board acted in adopting the order, and, therefore, we must presume that it had before it evidence which justified its adoption; that the facts by which the reasonableness of this order must be tested was evidently taken by the court from the protest filed by the appellant with the board of supervisors, which, he says, according to Adcock v. Board of Supervisors, 191 Miss. 379, 2 So. (2d) 556, should not have been done. These facts appear from this protest and from a map of the territory involved, referred to in one of the orders of the board of supervisors made in the course of this proceeding, and the briefs of counsel on the original hearing herein proceed on the theory that the facts so appearing were accepted and acted on as true by the board of supervisors.

The bill of exceptions recites what purports to be everything that occurred before the board of supervisors while it was considering the adoption of this order. While it makes no mention of what evidence, if any, that was then considered, it does set forth that the appellants's protest was read to the board. The brief of counsel for the appellant on the original hearing herein sets forth the facts on which the reasonableness vel non of this zoning ordinance rests practically as disclosed by the appellant's protest before the board of supervisors and the map above mentioned. The brief of counsel for the appellee did not set forth the evidence on which this order rested, did not challenge the statement of facts of counsel for the appellant, and made no claim that this protest of the appellant and this map could not be considered as setting forth the facts on which this zoning ordinance must rest. This being true, as this Court has many times held, he is in no position to raise that question now. Eady v. State, 153 Miss. 696, 122 So. 199, and the cases therein set forth; State v. Tann, 172 Miss. 162, 167, 158 So. 777, 159 So. 539;

Mississippi State Board of Health v. Johnson (Miss.), 19 So. (2d) 827.; Owen v. State (Miss.), 20 So. (2d) 95.

As set forth in paragraph 2 of rule 7 of this Court, "those briefs are of most assistance to the Court in which there precedes the argument of counsel; first a concise statement of the case so far as essential to an understand- of the questions presented for determination, . . . ." When counsel for the appellant complies with this request and counsel for the appellee neither challenges his statement of facts of the case nor sets forth in his brief a different statement of the facts, he has no just cause of complaint if this Court accepts the appellant's statement of facts as being true.

Overruled.