Somerville *et al. v.* Anderson *et al.*

(Division B. May 19, 1947.)

[30 So. (2d) 686. No. 36465.]

Canale, Glankler, Loch & Little, of Memphis, Tenn., for appellants.

**C. A. Bratton** and **James Stone & Sons,** all of Oxford, for appellees.

Argued orally by **John W. Loch,** for appellants.

**Alexander, J.,** delivered the opinion of the court.

Appellants filed their bill against appellees for an accounting, and appeal from a decree dismissing the action.

Appellants were stockholders in the Bank of Oxford prior to its reorganization after failure in 1931. Certain assets of the old bank were culled and charged out upon reorganization, and placed in the hands of three trustees, one of whom is deceased, and the remaining two are appellees here. The stockholders complied with a demand to pay over the full amount of their stock under our Double Liability Statute, Code 1942, Sec. 5280. Against these payments the trustees were charged by action of the stockholders with the duty and authority, "to manage and collect the same (the transferred accounts) and whereas it has been and become necessary in carrying out the purposes of the old stockholders to incur certain litigation and incidental expenses thereto it is now agreed that said trustees shall be clothed with fully authority to employ council (sic) and incur whatever other expenses which in their judgment may be necessary."

The answer admitted the propriety of an accounting, and a master was appointed to state the account. A hearing was had upon exceptions to the master's report, upon which hearing the report was approved, and the bill dismissed with costs.

We content ourselves with summarizing the general nature of the administration of the trust estate. The trustees proceeded to liquidate the assets by collection of accounts and bills receivable, operation of real properties, and the purchase and sale of realty. From such collections and net profits dividends by way of repayment were made to the stockholders, as cestuis que trustent, which were listed as credits against their double liability payments. Such refunds totaled about fifty percent.

Brief for appellants assails the account rendered by the special master, the following contentions being supported by citation from the record and the report of the master:

The sum of $35,957.86 was collected by the trustees. Disbursement credits were as follows: By liquidating

dividends paid to stockholders, $23,253.07; by expenses, $250.31; which together with $694.73 cash on hand, totals $24,198.11. A dispartity of $11,759.75 is disclosed upon such computation. It must be added that expenses actually incurred totaled $3,831.70, but the absence of supporting vouchers was made the basis for a challenge thereto, and a claimed reduction of the expense credit to $250.31.

We select a few other items to whose challenge there is no adequate reply. Mrs. D. T. Carter paid in as a stockholder the sum of $4,500. After two dividends were paid her by the trustees she traded her beneficial interest to the trustees for the Yarbrough farm. Thereafter the trustees continued to pay her dividends as a beneficiary, totaling $1,665. In view of the ownership by the trustees of the participating shares such payment is at least prima facie unauthorized.

S. M. Sneed account. Sneed paid as a stockholder $800. Certain property was conveyed to him by the trustees totaling $517.30 in exchange for his beneficial interest in future dividends. The master's report shows dividends paid or credited to him in the sum of $400. Whether such sum was paid or merely credited against the purchase price is not clear, and the contention of appellants is not answered that neither payment to, nor credit of, such dividends to the purchaser were proper since the beneficial interest therein was owned by the trustees.

Mrs. M. D. Price account. Mrs. Price, now deceased, had paid in $7,000 as a stockholder. From the third dividended of $840 payable to her estate the trustees paid $276.31 to her executor, and the remainder, $563.69, to the Bank of Oxford. The contention that the entire amount should have been paid to her executor is without answer.

The trustees' account claims credit for payment of dividends paid to stockholders ratably upon their respective interests. The record discloses that there were

five duplications in date and amount indicating an excess credit in the amount of $2,008.21.

There were other exceptions alleging irregularities and inefficient management and failure to collect. The absence of supporting vouchers seems to have been waived by appellants. No charge of wilful delinquency is made, nor is the integrity or good faith of the trustees impugned.

We do not here find that the above exceptions are to be adjudged well taken. Their prima facie quality, however, is found sufficient to bring into play certain well established rules of decision, which we shall cite in view of the failure of the learned Chancellor to find any specific facts and the absence of any definite challenge by appellee of the matters asserted in the brief for appellants, most of which are prima facie supported by the record.

In W. T. Raleigh Co. v. Armstrong, 165 Miss. 380, 140 So. 527, we stated: "No brief has been filed by appellees in this case, nor was there any oral argument. Appellant has filed a brief which in all respects complies with the rules, and which, upon the statement of the facts and the application of the principles of law to the facts, is fairly convincing, in the absence of any reply thereto, that there is error in the judgment. We have examined the record, and, although the presumption is that the judgment is correct, it is not apparent to us from the record, in the light of appellant's brief, that the judgment is in fact correct. In this situation, the judgment must be reversed without prejudice." See, also, Ramsay v. Milner, 192 Miss. 120, 4 So. (2d) 889. Compare Gulf, M. &. O. R. Co. v. Webster County, 194 Miss. 660, 13 So. (2d) 644.

In Frederic v. Board of Supervisors of Jackson County, 197 Miss. 293, 20 So. (2d) 92, 671, it was said: "As set forth in paragraph 2 of rule 7 of this Court, 'those briefs are of most assistance to the Court in which there precedes the argument of counsel; first, a concise statement of the case so far as essential to an understanding of the questions presented for determination, . . .' When

counsel for the appellant complies with this request and counsel for the appellee neither challenges his statement of facts of the case nor sets forth in his brief a different statement of the facts, he has no just cause of complaint if this Court accepts the appellant's statement of facts as being true.''

In the instant case appellees did file a brief. We would not minimize the sincerity nor belittle the merit of counsel by our assertion that they were, by a reliance upon the decree of the chancellor, lulled into a confident repose which accepted the trial court's finding of honest intent and substantial rewards of diligence as a sufficient defense against technical charges. In fact, the brief on behalf of appellees did not answer, explain or give any definite aid to us on the several items heretofore mentioned, or any of the exceptions, and rested merely upon the generality that the finding of facts by the chancellor was enough for their reliance. As stated, the opinion of the chancellor made part of the record, did not specifically find against the several exceptions, but found that the refund by the trustees of fifty percent of their paid double liability was a sufficiently gratifying salvage by the stockholders, betokened diligence, and merited commendation.

The accounts above referred to require further explanation, nor do we limit further review to those mentioned. They are sufficient to justify re-examination in the light of the legal duty of the trustees under the authorities set forth in appellant's brief, which appellees concede to be applicable. The cause is reversed and remanded without prejudice. Reversed and remanded.

**L.A. Smith, Sr., J.**, took no part in this decision.