## HUBBARD *v.* STATE.

(Division B.   June 2, 1947.)

[30 So. (2d) 901.   No. 36457.]

**Edwards & Edwards**, of Mendenhall, and **Dixon Pyles**, of Jackson, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

**Griffith, P. J.**, delivered the opinion of the court.

The evidence in this case is in all material respects substantially the same as that in W. O. Craft v. State, 202 Miss. 43, 30 So. (2d) 414, and is controlled by the opinion in that case, to which we would add nothing further were it not for the fact that in the present case a point is presented which was not made in the Craft case. The new point is this:

That the sheriff having had reliable information that a felonious shooting had occurred at the house of Craft, Sr., on the night before, was justified in concluding that there was probable cause to believe that the negroes, who ran from the house on the approach of the sheriff and his posse on the following morning, and because they ran, were guilty participants in the felony of the night before;

that he was therefore justified in arresting the fleeing negroes, and in shooting them as they fled as necessary means of accomplishing the arrest.

No authority is cited for this grave assertion, and under Johnson v. State, 154 Miss. 512, 122 So. 529, we might, within our discretion, decline to decide the point, treating it as if it had not been made. But we do decide it and hold that under the facts, so far as disclosed by this record, the contention is not maintained. In the first place, under our statute, Section 2218, Code 1942, the killing of a person who is fleeing from arrest for felony is not justifiable, even when the arrest is under warrant, except when so to do is necessary—that a resort to such severe means is permissible only when the arrest could not otherwise be made, Jackson v. State, 66 Miss. 89, 95, 5 So. 690, 14 Am. St. Rep. 542, a further exception being recognized under proper circumstances in cases of arrest of desperate and dangerous criminals of a vicious type, Gurley v. Tucker, 170 Miss. 565, 571, 155 So. 189. See also 4 Am. Jur. p. 57 and 6 C. J. S. Arrest, sec. 13, p. 613.

In the second place, to give to the circumstance of mere flight the probative force here insisted on would carry it far beyond the support of any of the modern authorities on the subject. In 2 Wharton on Criminal Evidence (11th Ed.) Sec. 940, p. 1652, it is said: "Evidence of flight . . . of one charged with crime is of slight value as bearing on the question of guilt, and none whatever unless there are facts pointing to the motive which prompted it. . . . In other words, flight is but a subsidiary inferential fact, counting for much or little, as the other evidence in the case may weigh with it." With this statement the text and notes Underhill Criminal Evidence (4th Ed.) Sec. 253, at p. 475, are in agreement. And so is our own case, Smith v. State, 58 Miss. 867, 871, wherein it is said of the fact of flight that: "Its value is ordinarily slight, but circumstances may invest it with peculiar force." In Howard v. State, 182 Miss. 27, 35, 181 So. 525, 526, we said: "Flight is a circumstance which may

be considered by the jury in connection with all the other material evidence in the case in determining guilt but it is not substantive evidence of guilt since it is consistent with innocence as well as guilt.''

The pertinency of these sound and salutary obervations is strikingly illustrated by the facts in the present case, to wit, that appellant and two others who fled were not at the Craft house at any time on the night before; had arrived there on the following morning only a few minutes before the appearance of the sheriff and his posse, and fled for no other reason than that they were frightened into doing so by the alarm sounded by old man Craft and his call to them to run for their lives. There were no such circumstances here as gave to the flight anything beyond its ordinary value, which, as our Court has said, is ''ordinarily slight,'' and being slight furnishes no sufficient basis for a conclusion of probable cause, or for the pursuit of such cause to the extreme of shooting, or shooting at, the fleeing negroes.

Reversed and appellant discharged.