756 So.2d 840 (2000)
Clifford C. KELLAR, Appellant,
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and Grand Casinos-Gulfport a/k/a Gulfport Grand Casinos, Appellees.
No. 1999-CC-00280-COA.
Court of Appeals of Mississippi.
February 8, 2000.
*841 Clifford Kellar, Appellant, pro se.
Albert B. White, Madison, John Wesley Garrett Jr., Clinton, Attorneys for Appellees.
BEFORE SOUTHWICK, P.J., LEE, AND PAYNE, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Clifford Kellar has been denied unemployment compensation benefits at each level that has considered his claim. His appeal is from the decision of the Pearl River County Circuit Court. The principal argument is that he was not guilty of misconduct sufficient to deny benefits. Certain procedural issues also are presented. We find no error and affirm.

FACTS
¶ 2. Kellar was employed by Grand Casino in Gulfport as a table games dealer for *842 about three years. During that time he received several official employer admonitions: a security citation, two written warnings and an oral warning for bad behavior. The first citation was for speeding in the parking deck and failing to stop for a security guard. The second and third involved rudeness to a guest, resulting in written warnings. The oral warning also involved offending a casino guest. At the time of his second written warning, Kellar was told that any other incidents would result in further disciplinary action, including the possibility of termination. On his fifth incident of misconduct, which triggered his dismissal, Kellar removed and ate canned pineapple from the employee salad bar, allegedly because he believed it was free. When informed that he would have to pay for it, he refused to do so. Shortly thereafter, he was terminated.
¶ 3. Kellar filed for unemployment benefits. On February 24, 1998, the claims examiner determined that the basis for the discharge was misconduct. On April 8, a hearing was held by an appeals referee. The employer produced documents as well as the testimony of a security manager, the human resources director, and the lead line cook. Two of the witnesses were directly involved in the pineapple incident. Both testified that they asked Kellar to pay for the fruit.
¶ 4. Kellar, who was represented by counsel at the hearing, testified that a sign hanging over a bowl of fresh fruit in the cafeteria led him to believe that all fruit, even that on the salad bar that was six or more feet away, was free to employees. He denied that anyone had asked him to pay the eighty cents for the fruit. He asked that witnesses be subpoenaed on his behalf and that a witness that he brought with him be allowed to testify concerning the reliability of one of the key witnesses for the employer. The referee determined that the testimony of these witnesses was unnecessary and chose not to subpoena them. The referee further determined that because of the documentation of previous misbehavior and warnings, the incident with the pineapple constituted disqualifying misconduct. The claims examiner's decision was affirmed.
¶ 5. Both the Commission's board of review and the Pearl River County Circuit Court affirmed.

DISCUSSION
¶ 6. Kellar appeals here without the assistance of counsel. His original counsel withdrew prior to the Board of Review's consideration. Even when a litigant is pro se, a court is to apply the same procedural and evidentiary requirements upon him. Dethlefs v. Beau Maison Development Corp., 511 So.2d 112, 118 (Miss. 1987). Kellar has filed a brief which cites no authority. Though that is understandable, it is of little assistance to an appellate court just to have the facts reargued. Because of the shortcomings of the brief, we are under no duty to consider his multiple allegations of error. R & S Development, Inc. v. Wilson, 534 So.2d 1008, 1015 (Miss. 1988). Nonetheless, we will review the arguments for any self-evident error for which no authority would be necessary. Johnson v. State, 154 Miss. 512, 513, 122 So. 529 (1929).
¶ 7. For efficiency of discussion, we place Kellar's arguments into functional groups.

I. Issues concerning procedure at hearing.

A. Affidavits
¶ 8. Kellar argues that affidavits he first presented during the circuit court's appellate review indicate that the Commission's decision was improper. These are six signed, handwritten statements, some written by Kellar and then signed by a fellow Grand Casino employee. They appear as exhibits to Kellar's brief filed August 17, 1998, with the Pearl River County Circuit Clerk.
*843 ¶ 9. When an appellate court reviews the propriety of an agency's decision, it is evaluating that decision based on the evidence presented to the agency. Courts themselves are prohibited from performing the function of an administrative agency. Mississippi State Tax Comm'n v. MississippiAlabama State Fair, 222 So.2d 664, 665 (Miss.1969). All the court can do is review what the agency did under a deferential standard. In summary, we determine whether substantial evidence existed, whether any arbitrariness or caprice appears, whether the agency had the power to make the decision, and whether a statutory or constitutional right was violated. Mississippi Board of Nursing v. Hanson, 703 So.2d 239, 241-42 (Miss.1997). There is no error in the Commission's failure to consider something not presented to it. Consequently we find no error in the refusal of the circuit court, sitting as an appellate court in this instance, to consider these documents.

B. Rejected witnesses
¶ 10. Kellar also argues that one witness should have been allowed to testify in front of the appeals referee and that other witnesses should have been subpoenaed. The witness was said to be a former supervisor of the line cook who testified regarding the pineapple incident. This supervisor had been terminated prior to Kellar's own dismissal. In his offer of proof before the referee, Kellar's attorney stated that the witness had years earlier seen this line cook engaged in her own misconduct. The line cook allegedly had stolen food and was generally disliked by other employees with "tons of complaints" having been filed against her.
¶ 11. The appeals referee stated that he wished to limit the hearing to the issues of Kellar's misconduct. He did not want to know what infractions the line cook who testified for the employer may have committed. The referee concluded that these witnesses would be presenting proof on irrelevant matters. We find no self-evident error in this.

C. Subpoenas
¶ 12. Kellar also wanted the referee to subpoena the minutes of the Grand Casino's internal board of review that made the final decision to terminate Kellar. A dispute arose as to the power of the referee to issue a subpoena. Ultimately the referee decided that he did not have the power to subpoena the records. We have no legal argument from either side as to such power. We note that the Commission's own regulations allow an appeals referee discretion on whether to subpoena, once an adequate showing of necessity is made. Appeal Regulations, Mississippi Employment Security Commission Board of Review, General Regulations Applicable to All Appeals, 5 Unemployment Insurance Reports, ¶ 5504, at 27,429 (July 26, 1999).
¶ 13. Absent any brief on the question, we will not enter the legal and factual thicket of the power of the Commission's appeals referee nor the necessity of access to these records. Whether the cited regulation is fully applicable here, we find no obvious necessity for the casino's minutes. Thus no error has been shown.

II. Grounds for dismissal
¶ 14. Finally we turn to the underlying grounds for Kellar's dismissal. At first blush, this was a trivial incident. Yet it is not at first blush that the Commission was called on to evaluate the charge of misconduct. The food line question followed several other incidents for which Kellar had received employer warnings. Mississippi employment security law provides that an individual shall be disqualified for benefits when "he was discharged for misconduct connected with his work." Miss.Code Ann. § 71-5-513 (Rev. 1995). Employee misconduct is this:
[C]onduct evidencing such willful and wanton disregard of the employer's interest *844 as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, come within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered "misconduct" within the meaning of the statute.
Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982).
¶ 15. The Commission's board of review found that there was sufficient evidence that Kellar was guilty of willful misconduct within the proper meaning of that term. We have already noted that our appellate task is to determine whether the Commission's findings of facts are supported by substantial evidence and that no legal error occurred. A component of misconduct for these purposes may well be the significance of the infraction. Yet it is not just whether the single and final offense is substantial, but whether the employer has shown a pattern of misconduct evidencing a persistent disregard for the interests of the employer. There was substantial evidence supporting that claim.
¶ 16. At some stage the employer was entitled to terminate an employee for refusals to comply with reasonable rules and restriction, some refusals small, some large, that together constituted misconduct. We find no error in the Commission's decision that such a time had come.
¶ 17. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT IS AFFIRMED.
McMILLIN, C.J., KING, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.