812 So.2d 1139 (2002)
Charlotte HOUCK, Appellant,
v.
Steve O'Guin HOUCK, Appellee.
No. 2000-CA-02069-COA.
Court of Appeals of Mississippi.
March 5, 2002.
*1140 J. Peyton Randolph, II, Jackson, John David Garner, University, attorneys for appellant.
Steve O'Guin Houck, Pro Se (No Brief Filed), attorney for appellee.
EN BANC.

ON MOTION FOR REHEARING
THOMAS, J., for the court.
¶ 1. The motion for rehearing is granted, the original opinion is withdrawn, and the following opinion is substituted therefor.
¶ 2. Charlotte Ellis Houck appeals a decree ordering that Steve O'Guin Houck, her former husband, decrease his monthly child support obligation by one half from $700 to $350. This decree was the result of a motion for contempt filed by Charlotte alleging Steve was in arrears of his child support obligations by $8,800 plus interest and had not provided the required insurance for the younger of their two children. The lower court found that the older child had been emancipated for some time and held that Steve had only been responsible for supporting one child since the emancipation. This resulted in a $572 credit towards the child support payments. Steve represented himself at the lower court trial *1141 and has not submitted an appellee's brief. Charlotte raises the following assignments of error on appeal:
I. THE CHANCELLOR ERRED BY ALLOWING A MODIFICATION OF A PRIOR DIVORCE DECREE ABSENT A REQUEST FOR MODIFICATION FROM EITHER PARTY.
II. THE CHANCELLOR ERRED BY FINDING THAT A FATHER IS ENTITLED TO AN AUTOMATIC REDUCTION IN CHILD SUPPORT AFTER ONE OF THE TWO CHILDREN BECOMES EMANCIPATED WITHOUT RENDERING SPECIFIC FINDINGS OF FACT AS TO THE RELATIVE INCOME OF THE PARTIES AND NEEDS OF THE CHILD.
III. THE CHANCELLOR ERRED BY ALLOWING CREDIT FOR PRIOR CHILD SUPPORT OBLIGATIONS ABSENT ANY FINDINGS OF FACT REGARDING THE NEEDS OF THE MINOR CHILD, THE PROPRIETY OF THE AMOUNT OF CHILD SUPPORT ORDERED, OR THE ABILITY OF THE FATHER TO PAY.
¶ 3. We affirm in part and reverse and remand in part.

FACTS
¶ 4. Charlotte and Steve were divorced on March 25, 1986. Charlotte was awarded custody of the parties' two minor children. Steve was ordered to pay child support in the amount of $700 per month.
¶ 5. On August 30, 2000, Charlotte filed a motion for contempt alleging that Steve was in arrears on his child support obligations in the amount of $8,800 plus interest, and that Steve had failed to comply with the order regarding insurance coverage for the younger child.
¶ 6. On September 27, 2000, a hearing was held wherein Steve appeared pro se. On November 15, 2000, the chancellor held that Steve was in willful contempt regarding the insurance issue and ordered Steve to provide the younger child with insurance. As for the child support, the chancellor found that the older of the two children reached the age of twenty-one several months earlier, and was, therefore, emancipated. The chancellor held that child support, by operation of law, ended at the time of emancipation of the older child. Therefore, Steve was only obligated to pay child support for the younger, unemancipated child. With this in mind, the chancellor calculated the balance of the child support obligation to be $572 in credit rather than a debt of $8,800.

STANDARD OF REVIEW
¶ 7. In determining whether there should be a modification of child support, chancellors are given broad discretion. Morris v. Stacy, 641 So.2d 1194, 1196 (Miss.1994). Further, this Court's scope of review of the findings of a chancellor in domestic relations matters is limited. Pearson v. Pearson, 761 So.2d 157, 162 (Miss.2000). The findings of the chancellor will be overturned on appeal only if "manifestly wrong, clearly erroneous, or if the chancellor applied an erroneous legal standard." Id. No finding will be disturbed or set aside if supported by "substantial, credible evidence." Id.
¶ 8. These standards apply even though Steve represented himself at the hearing and has not submitted a brief on appeal. Goodin v. Department of Human Services, 772 So.2d 1051, 1054 (Miss.2000). Our supreme court has stated that "[e]ven when a litigant is pro se, a court is to apply the same procedural and evidentiary requirements upon him." Dethlefs v. Beau *1142 Maison Dev. Corp., 511 So.2d 112, 118 (Miss.1987). However, our supreme court has also stated that "appellate courts generally afford such litigants some degree of leeway on appeal." Goodin, 772 So.2d at 1054. See also Kellar v. Mississippi Employment Sec. Comm'n, 756 So.2d 840, 842 (Miss.Ct.App.2000); Johnson v. State, 154 Miss. 512, 513, 122 So. 529 (1929).
ANALYSIS
I. DID THE CHANCELLOR ERR BY ALLOWING A MODIFICATION OF A PRIOR DIVORCE DECREE ABSENT A REQUEST FOR MODIFICATION FROM EITHER PARTY?
II. DID THE CHANCELLOR ERR BY FINDING THAT A FATHER IS ENTITLED TO AN AUTOMATIC REDUCTION IN CHILD SUPPORT AFTER ONE OF THE TWO CHILDREN BECOMES EMANCIPATED WITHOUT RENDERING SPECIFIC FINDINGS OF FACT AS TO THE RELATIVE INCOME OF THE PARTIES AND NEEDS OF THE CHILD?
III. DID THE CHANCELLOR ERR BY ALLOWING CREDIT FOR PRIOR CHILD SUPPORT OBLIGATIONS ABSENT ANY FINDINGS OF FACT REGARDING THE NEEDS OF THE MINOR CHILD, THE PROPRIETY OF THE AMOUNT OF CHILD SUPPORT ORDERED, OR THE ABILITY OF THE FATHER TO PAY?
¶ 9. Emancipation was defined by our supreme court in Caldwell v. Caldwell, 579 So.2d 543, 549 (Miss.1991)(citing Pass v. Pass, 238 Miss. 449, 454, 118 So.2d 769, 771 (1960)), as follows:
Emancipation, as employed in the law of parent and child, means the freeing of a child for all the period of its minority from the care, custody, control, and service of its parents; the relinquishment of parental control, conferring on the child the right to its own earnings and terminating the parent's legal obligation to support it.
The statute governing emancipation is Miss.Code Ann. § 93-5-23 (Supp.2001) and § 93-11-65 (Supp.2001) which both read in pertinent part as follows:
The duty of support of a child terminates upon the emancipation of the child. The court may determine that emancipation has occurred and no other support obligation exists when the child:
(a) Attains the age of twenty-one (21) years, or
(b) Marries, or
(c) Discontinues full-time enrollment in school and obtains full-time employment prior to attaining the age of twenty-one (21) years, or
(d) Voluntarily moves from the home of the custodial parent or guardian and establishes independent living arrangements and obtains full-time employment prior to attaining the age of twenty-one (21) years.
Our supreme court has also made it clear that "[a] parent is relieved of the legal duty to support his child once the child is emancipated whether by attaining the age of majority or otherwise." Crow v. Crow, 622 So.2d 1226, 1229 (Miss.1993).
¶ 10. Further, our supreme court has stated that "a chancellor should have the discretion to grant an obligor parent a credit for child support payments which were made on behalf of a child subsequent to that child's emancipation. It would be unwise to unduly restrict a chancellor's ability to make an equitable ruling in this regard...." Department of Human Services v. Fillingane, 761 So.2d 869, 872 (Miss.2000).
*1143 ¶ 11. It is true that "child support obligations vest in the child as they accrue. Once they have become vested,... they cannot be modified or forgiven by the courts." Mississippi State Dep't of Human Servs. v. St. Peter, 708 So.2d 83, 84 (Miss.1998); Tanner v. Roland, 598 So.2d 783, 786 (Miss.1992); Thurman v. Thurman, 559 So.2d 1014, 1016-17 (Miss. 1990). It is also true that each payment that becomes due and remains unpaid "becomes a `judgment' against the supporting parent." Tanner, 598 So.2d at 786; Cunliffe v. Swartzfager, 437 So.2d 43, 45-46 (Miss.1983).
¶ 12. However, in the case at hand, the child support payments which Charlotte argues accumulated into the amount of $8,800 in arrears were within the chancellor's discretion, forgiven as no longer legal obligations due to the fact that the older child had reached the age of emancipation. Department of Human Services v. Fillingane, 761 So.2d 869, 872 (Miss.2000). In order to provide clarity, we cite the relevant and controlling portion of this recent case:
We conclude that a chancellor should have the discretion to grant an obligor parent a credit for child support payments which were made on behalf of a child subsequent to that child's emancipation. It would be unwise to unduly restrict a chancellor's ability to make an equitable ruling in this regard, and we conclude that the chancellor did not abuse his discretion in granting [the father] a credit to reflect the prior emancipation of two of his daughters.
Id.
¶ 13. We might further note that Steve ran the risk of owing all or some of the $8,800 by unilaterally reducing support without a court order of modification because the original child support decree ordered $700 per month without breaking it down per child. Therefore, the chancellor could have ordered all $8,800, or a portion thereof, to be paid.
¶ 14. However, the chancellor failed to apply the proper statutory guideline necessary to modify child support. In White v. White, 722 So.2d 731, 734 (Miss. Ct.App.1998), this Court affirmed the rule that "a chancellor's deviation from the Mississippi child support guidelines must be supported by an on the record finding that said deviation is warranted." Id. citing Rakestraw v. Rakestraw, 717 So.2d 1284, 1289 (Miss.App.1998); Miss.Code Ann. § 43-19-101(1) (Rev.1993). In the case at hand, the chancellor simply cut the child support in half (from $700 to $350) in consideration of the older child's emancipation. The chancellor should have applied the statutory guideline for one child, being fourteen percent of Steve's adjusted gross income; or, alternatively, supported a deviation from the statutory guideline with an on the record finding. Therefore, we reverse and remand on this point.
¶ 15. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. THE OLDEST CHILD HAD BECOME EMANCIPATED AND THAT SUPPORT HAD CEASED ON HER TWENTY-FIRST BIRTHDAY; THE JUDGMENT OF SUPPORT FOR THE YOUNGER CHILD IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANT AND THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.