# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-01339-COA

**ELIZABETH ANN OLSON (SISCO) PUMROY**                    APPELLANT

**v.**

**MICHAEL TODD SISCO AND MISSISSIPPI**                    APPELLEES
**DEPARTMENT OF HUMAN SERVICES**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/21/2018 |
| TRIAL JUDGE: | HON. MITCHELL M. LUNDY JR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | VANESSA WINKLER PRICE |
| ATTORNEY FOR APPELLEE: | RACHAEL EMILY PUTNAM (FOR MICHAEL TODD SISCO) |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 03/17/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., TINDELL AND C. WILSON, JJ.**

**C. WILSON, J., FOR THE COURT:**

¶1.     Elizabeth Ann Olson (Sisco) Pumroy ("Pumroy") and Michael Todd Sisco ("Sisco")

divorced in 2008.  After several earlier modifications, the Mississippi Department of Human

Services ("DHS")[1] filed a petition in 2017 on behalf of Sisco to modify Sisco's child support

obligation.  The DeSoto County Chancery Court granted the modification because the eldest

child had been emancipated under the laws of Mississippi.  Pumroy appeals this latest

modification.  We affirm.

## FACTS AND PROCEDURAL HISTORY

---

[1] No attorney for DHS entered an appearance or filed an appellee's brief in this Court.

¶2.    Pumroy and Sisco divorced in 2008 on the grounds of irreconcilable differences.  At the time of the divorce, the parties had three minor children.  In a September 16, 2008 property settlement agreement, which was incorporated into the divorce decree, the parties agreed that Sisco was to "pay [Pumroy] the amount of $400.00 per week as support for the minor children . . . each and every month until such time as the minor children reach [twenty-one] years of age or are otherwise emancipated, or until further orders of this [c]ourt."  The parties also agreed that Pumroy would retain exclusive use of the marital residence and that Sisco would be responsible for all mortgage payments or other indebtedness related to the residence "until the minor children all graduated from high school."  Per the 2008 agreement's terms, once the children graduated high school, the residence would be offered for sale, with the parties equally dividing any resulting proceeds.

¶3.    On January 7, 2011, Sisco filed a petition requesting the DeSoto County Chancery Court to modify his child support obligation and relieve him from his obligation to pay the monthly mortgage on the marital residence.  On April 12, 2012, the chancery court entered a temporary order lowering Sisco's child support obligation to $250.00 per week and instructed the parties to report back to the court on August 21, 2012.  On August 21, 2012, the parties returned to court and announced that they had reached an agreement regarding Sisco's child support and mortgage obligations.

¶4.    On October 3, 2012, the chancery court entered an order adopting and approving the parties' modification agreement.  The order adjusted Sisco's child support payment to $500.00 per week "until such time as the minor children are emancipated by the laws of the

state of Mississippi." The chancery court noted that this amount was "based upon [Sisco's] current income . . . and shall not be modified absent a substantial decrease in [Sisco's] income through no fault of his own." Under the order, Pumroy "[gave] up her right for the mortgage on the marital residence to be paid for the next eight (8) years as required by the [p]roperty [s]ettlement [a]greement entered into by the parties." However, "[Pumroy] [was] awarded all right, title and interest in the marital residence . . . , and [Sisco] [no longer had any] obligation to the marital residence nor interest in any equity."

¶5. About four and a half years later, on February 1, 2017, DHS filed a petition on Sisco's behalf seeking again to modify Sisco's child support obligation. DHS asserted "that a substantial material change in circumstances has occurred . . . in that the oldest child has reached the age of emancipation. Said child needs to be removed from the child support order and child support should be recalculated to reflect only the [two] remaining children." Pumroy answered on July 12, 2017, and objected to any modification of Sisco's child support obligation. Pumroy filed a "Motion to Dismiss Petition to Modify Final Judgment" on December 11, 2017, and a "Counter-Petition for Modification of Order" on April 4, 2018. In her "Counter-Petition for Modification of Order," Pumroy objected to any reduction in child support and asserted that the August 21, 2012 agreement created a binding contract between the parties.

¶6. The chancery court held a hearing on the matter on April 20, 2018. At the hearing, Pumroy contested Sisco's requested modification, stating that she understood the August 21, 2012 agreement to mean that she "was getting five hundred [dollars] a week [from Sisco]

3

until the three kids were emancipated."

¶7. On May 14, 2018, the chancellor rendered an opinion granting the requested modification. In so ruling, the chancellor acknowledged the parties' 2012 agreement but stated that the court was "not willing to read anything more into their agreement, nor [was] [the court] willing to not allow a modification when one of the children has become emancipated." The chancery court entered a final order in accordance with this opinion on June 21, 2018.

¶8. In the final order, the chancellor found that the parties' eldest child was emancipated and ordered that "the child support obligation of [Sisco] be reduced to the statutory guidelines. As such, [Sisco's] child support shall be $1,323.00 per month . . . effective June 1, 2018." The chancellor denied Pumroy's motion to dismiss as untimely. The chancellor also denied Sisco's request for a credit for child support paid after his eldest child had become emancipated and stated "that the Final Decree of Divorce and all subsequent Orders entered in this Cause shall remain in full force and effect not herein modified[.]" (Emphasis omitted).

¶9. Pumroy filed a motion for reconsideration, which the chancellor denied on August 14, 2018. In denying Pumroy's motion to reconsider, however, the chancellor noted that "child support [was to] be paid during the summer months for clarification purposes." Pumroy now appeals from the chancery court's order granting child support modification.

STANDARD OF REVIEW

¶10. "This Court has a limited standard of review in domestic-relations cases, and 'under

4

the standard of review utilized to review a chancellor's findings of fact, particularly in the areas of divorce, alimony[,] and child support, this Court will not overturn the chancellor's decision on appeal unless his findings were manifestly wrong.'" *Nelson v. Nelson*, 271 So. 3d 613, 616-17 (¶9) (Miss. Ct. App. 2018) (quoting *Ilsley v. Ilsley*, 160 So. 3d 1177, 1181 (¶9) (Miss. Ct. App. 2014)). "The chancellor must have been manifestly wrong or clearly erroneous, or have applied an erroneous legal standard for the findings to be overturned." *Williams v. Williams*, 224 So. 3d 1282, 1284 (¶5) (Miss. Ct. App. 2017). Questions of law are reviewed de novo. *Id*.

## DISCUSSION

¶11.    On appeal, Pumroy contends that the chancellor misconstrued the terms of the 2012 order regarding the emancipation of the parties' children and thus erred in modifying Sisco's child support obligation. Without filing a cross-appeal, Sisco asserts in his brief that the chancellor abused his discretion by denying Sisco's request for a credit for the child support that he paid prior to modification and by ordering Sisco to pay child support during the summer months. We address the parties' contentions in turn.

### I.    Child Support Modification

¶12.    Pumroy renews her contention that the parties' 2012 agreement could not be modified because it was a binding contract. She asserts that under the "clear and unambiguous" terms of the contract, Sisco was obligated to pay $500.00 per week in child support "until such time as the minor children are emancipated by the laws of the state of Mississippi." Pumroy contends that under the language of the 2012 agreed order, no modification is proper until

5

*all* of the children are emancipated, as opposed to when *each* of the children is emancipated. The chancellor declined to read the prior order this way, stating that the court would not "read anything more into their agreement," so as "not [to] allow a modification when one of the children has become emancipated."

¶13.    We find no error in the chancellor's determination that a modification in child support was warranted in this case. "[S]upport obligations most certainly can be modified when there is a finding of a material change in circumstances, which was not foreseeable at the time of the judgment of divorce." *Short v. Short*, 131 So. 3d 1149, 1151-52 (¶¶7-8) (Miss. 2014) (finding that language in the parties' divorce agreement stipulating that father should never pay less than $3,000 per month in child support was modifiable upon showing that a material change in circumstances had occurred); *see also Collado v. Collado*, 282 So. 3d 1239, 1242 (¶9) (Miss. Ct. App. 2019) (stating that court-approved child support agreement is subject to modification when a party seeking modification shows a material change in circumstances). "Our supreme court has also made it clear that 'a parent is relieved of the legal duty to support his child once the child is emancipated whether by attaining the age of majority or otherwise.'" *Andres v. Andres*, 22 So. 3d 314, 317 (¶7) (Miss. Ct. App. 2009) (quoting *Houck v. Houck*, 812 So. 2d 1139, 1142 (¶9) (Miss. Ct. App. 2002)); *see also* Miss. Code Ann. § 93-11-65(8)(a) (Supp. 2008).

¶14.    As in *Short*, we find that the parties' 2012 agreement, as embodied in the chancery court's October 3, 2012 order, was indeed modifiable upon a showing that a material change in circumstances had occurred. In 2017, Sisco requested that DHS file a "Petition to Modify

6

Final Judgment," alleging a material change in circumstances because of the parties' eldest child's emancipation. Pumroy did not dispute that their child had been emancipated; instead, she simply contended that the chancery court could not modify the 2012 agreement until all of their children were emancipated. Based on the undisputed fact that the parties' eldest child was emancipated, the chancellor granted Sisco's requested modification and held that "the child support obligation of [Sisco] be reduced to the statutory guidelines." Based upon the record before us, we find that the chancellor was not manifestly wrong in so ordering. We therefore affirm the child support modification.

*II.    Child Support Credit and Summer Child Support*

¶15.    In his appellate brief, Sisco argues that the chancellor abused his discretion by denying Sisco's request for a credit for child support Sisco paid from the time the child was emancipated until the chancery court's modification of Sisco's obligation beginning June 1, 2018. Additionally, Sisco asserts that the chancellor abused his discretion by clarifying his June 21, 2018 modification order in his subsequent order denying Pumroy's motion to reconsider, which stated that "[c]hild support shall be paid during the summer months for clarification purposes." However, Pumroy did not raise these issues in her appeal, and Sisco failed to notice any cross-appeal concerning these issues.

¶16.    "In order for the appellee to gain reversal of any part of the decision of a trial court about which the appellant brings no complaint, the appellee is required to file a cross-appeal." *Delta Chemical & Petroleum Inc. v. Citizens Bank of Byhalia*, 790 So. 2d 862, 878 (¶52) (Miss. Ct. App. 2001). In *Delta Chemical & Petroleum*, we declined to address the

statute-of-limitations issue raised by the appellee because the appellee failed to file a cross-appeal for that issue, such that the issue was not properly before this Court. *Id*. Similarly, we decline to address the merits of Sisco's issues with the chancellor's orders because the purported assignments of error are not properly before this Court.

¶17. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**