Jerry Sorrell has appealed from a judgment of the Chancery Court of Alcorn County, Mississippi, denying modification of support payments for children in his custody. He presents four (4) issues for decision by this Court.
 HISTORY AND FACTS
Jerry Sorrell, appellant, and Joyce Ann Sorrell Borner, appellee, were divorced on May 5, 1981. Borner was awarded custody of the minor children of the parties, a four year old daughter and a one year old son. Sorrell was ordered to pay $125.00 per month in child support.
On May 30, 1989, Sorrell filed a petition for modification of the decree seeking change of custody. Borner counterclaimed alleging that Sorrell owed her $9,160.00 in past due child support. The lower court held that Sorrell was in arrears in child support in the amount of $9,222.64 and granted Borner a judgment in that amount. The court also held that there had been a material and substantial change in circumstances and that it was in the best interest of the children to modify the final divorce decree and change custody from Borner to Sorrell. Borner was ordered to pay $40.00 per week for child support. Neither party appealed from that order of the lower court.
Borner garnished Sorrell's wages in an attempt to satisfy the judgment awarded her by the court. Thereupon, Sorrell filed a petition for modification of that final order. He claimed that there had been a substantial change in circumstances since the order was entered and sought modification of the order so that the child support *Page 987 
owed by Borner would be set off against the judgment.
On February 1, 1990, the lower court held that there had not been a substantial change in circumstances and it could not interfere with Borner's right to collect the judgment. Sorrell appeals to this Court from the lower court's order with supersedeas.
 LAW I. DOES THE CHANCELLOR HAVE THE POWER IN EQUITY TO MAKE SUCH ORDERS TOUCHING ON THE SUPPORT OF INFANTS AND MAKING SUCH ORDER AS WOULD BE IN THE BEST INTEREST OF THE CHILD? II. IS CHILD SUPPORT MONEY WHICH IS PAST DUE THE PROPERTY OF A CHILD?
Issue number one is well established in the affirmative and does not merit discussion. Also, issue number two has been settled by previous decisions of this Court.
 We have recognized that a child support judgment is awarded to the custodial parent for the benefit and protection of the child, the underlying principle being the legal duty owed to the child for the child's maintenance and best interest. Hailey v. Holden, 457 So.2d 947 (Miss. 1984). This Court has recognized that the child support benefits belong to the child, who is the only party that may compel an accounting of child support sums from the parent who receives them. Trunzler v. Trunzler, 431 So.2d 1115, 1116 (Miss. 1983), (emphasis added). It is thus plain that the custodial parent's assertion of the child's right of child support is not by virtue of the parent's legal right to those funds, but by virtue of the fiduciary relationship owed to the child. Trunzler v. Trunzler, 431 So.2d at 1116 (Miss. 1983).
Wilson v. Wilson, 464 So.2d 496, 498 (Miss. 1985). See alsoAlexander v. Alexander, 494 So.2d 365 (Miss. 1986).
Sorrell correctly states that child support belongs to the child. However, in the case at bar, Borner was awarded a judgment for past due child support. Sorrell did not appeal the judgment. The record does not reflect that Borner expended the amount of the award on the children, while she had custody, but Sorrell does not appear to dispute the judgment itself, only the means of paying it. At the hearing on the petition for modification, Sorrell's attorney made the following argument:
 In September of 1989, two minor children, ages ten (10) and twelve (12), were taken from Borner and the custody was placed in this man. And since that date he has had the sole responsibility of feeding, clothing, sheltering, educating, and medicating these children.
 We filed a Petition for Modification because that task has been made almost impossible by a garnishment. As the Court will recall, the Judgment rendered against Mr. Sorrell for Ninety-Two Hundred Dollars — Ninety-Two Hundred Dollars and some few odd cents — was for back child support, child support that accrued while Mr. Borner was elsewhere.
 We don't argue with the Judgment itself. What we argue with is the other part of how to collect the Judgment.
Issues one and two are answered in the affirmative and are affirmed.
 III. DID THE LOWER COURT ERR IN NOT GRANTING EQUITABLE RELIEF TO THE APPELLANT? IV. DID THE LOWER COURT ERR IN HOLDING IN ABEYANCE THE COLLECTION OF CHILD SUPPORT FROM THE APPELLEE UNTIL SUCH TIME AS THE APPELLANT HAD SATISFIED THE ENTIRE ARREARAGE?
On October 3, 1989, Sorrell was awarded custody of the two children. Borner was awarded a $9,222.64 judgment against Sorrell, but she was also ordered to pay $40.00 per week for child support. The lower court held her child support payments in abeyance until Sorrell fully paid the arrearage. *Page 988 
 5. The mother is ordered to pay the sum of $40.00 per week as child support to JERRY SORRELL. However, the child support can be held in abeyance until the arrearage designated by this Court is extinguished. After said judgment is paid in full, the JOYCE ANN SORRELL BORNER will be liable for the child support payments to JERRY SORRELL.
(emphasis added)
Sorrell did not appeal the order. On November 15, 1989, Borner filed a suggestion of garnishment. Borner obtained a 65% garnishment on Sorrell's wages beginning on December 17, 1989, pursuant to Miss. Code Ann. § 85-3-4(3)(b)(iii) (Supp. 1990). As a result, Sorrell had to support himself and his children on 35% of his wages. He complains that the lower court erred in failing to limit the garnishment to only 25% of his wages.
Miss. Code Ann. § 85-3-4 establishes the maximum amount of wages that can be garnished. Section 85-3-4 reads in pertinent part as follows:
 Execution or attachment of wages, salaries or other compensation; limitations.
 . . . .
 (2) After the passage of the period of thirty (30) days described in subsection (1) of this section, the maximum part of the aggregate disposable earnings . . . of an individual that may be levied by attachment, execution or garnishment shall be:
 (a) In the case of earnings for any workweek, the lesser amount of either,
 (i) Twenty-five percent (25%) of his disposable earnings for that week, or
 (ii) The amount by which his disposable earnings for that week exceed thirty (30) times the federal minimum hourly wage . . . in effect at the time the earnings are payable; . . .
The 25% restriction, however, does not apply in cases where the judgment is for the support of another person.
 (3)(a) The restrictions of subsection (1) and (2) of this section do not apply in the case of:
 (i) Any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by state law, which affords substantial due process, and which is subject to judicial review.
 . . . .
 (b) Except as provided in subparagraph (b)(iii) of this subsection (3), the maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed:
 (i) Where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), fifty percent (50%) of such individual's disposable earnings for that week; and
 (ii) Where such individual is not supporting such a spouse or dependent child described in subparagraph (b)(i) of this subsection (3), sixty percent (60%) of such individual's disposable earnings for that week;
 (iii) With respect to the disposable earnings of any individual for that workweek, the fifty percent (50%) specified in subparagraph (b)(i) of this subsection (3) shall be deemed to be fifty-five percent (55%) and the sixty percent (60%) specified in subparagraph (b)(ii) of this subsection (3) shall be deemed to be sixty-five percent (65%), if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the period of twelve (12) weeks which ends with the beginning of such workweek.
Miss. Code Ann. § 85-3-4 (emphasis added).
The judgment awarded was for past due child support, but Borner no longer had custody of the children. In our opinion, the legislature did not contemplate the exception language to be used in this situation, and are of the opinion that the restriction listed in § 85-3-4(2)(a) should apply to the garnishment here. *Page 989 
Sorrell filed a petition for modification of the order issued on October 3, 1989, claiming that the order should be modified because there had been a substantial change in circumstances due to the garnishment of 65% of his wages and the failure of Borner to pay any child support. Sorrell did not attack the garnishment in his pleadings, but, from the transcript of the hearing on the petition, it is clear that Sorrell wanted the Writ of Garnishment reduced. The order of October 3, 1989, held Borner's payment of child support in abeyance until the entire judgment had been paid in full. In denying the petition for modification, the lower court stated:
 BY CHANCELLOR ROBERTS: As this Court understands the law, the Court does not have the power or authority to withhold or suspend any execution or collection of judgments. This does seem to be an impossible situation.
 But if that be true, and that be the law, it appears that it would be futile to set any other schedules for payment on the judgment unless the judgment is paid in full or otherwise extinguished, because the garnishment still sits there.
 There does not appear to have been a substantial change of circumstances since the entry of the Order of October 1989. The only thing that is different today from that day is the fact that the garnishment has been issued.
 . . . .
 BY THE COURT: . . . The Court, perhaps, shouldn't do this but in anticipation of what's going to happen the Court is going to deny the Petition.
(emphasis added).
The Writ of Garnishment is the instrument, which precipitated the issues and problems in this case today. It resulted from the judgment of October 3, 1989, and surely was issued from the same court in the same cause number on the same judgment. Without the correct interpretation of the garnishment statute, there was a material change in the circumstances of the parties, which adversely affected the interest and welfare of the children, e.g., Sorrell's income had been reduced by 65% and his situation rendered him unable to support the children on 35% of his income. The record reflects that, with the garnishment, as interpreted, Sorrell was bringing home only $78.75 per week, where previously his take home pay was $225.00 per week.
We are of the opinion that the judgment of the lower court must be, and is, reversed and remanded in part as to this element of support for further proceedings consistent with this opinion and is affirmed as to all other issues.
AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.