# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1999-CP-01728-SCT

*JOHN T. GOODIN*

*v.*

*DEPARTMENT OF HUMAN SERVICES, STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/15/1999 |
| TRIAL JUDGE: | HON. EDWARD C. PRISOCK |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 12/14/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 1/4/2001 |

**BEFORE PRATHER, C.J., McRAE AND DIAZ, JJ.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. The Mississippi Department of Human Services ("DHS"), on behalf of Diana Goodin-McKay ("McKay"), sought to enforce an Arizona child support order against John T. Goodin ("Goodin") in the Chancery Court of Winston County. The chancellor granted DHS' petition, and Goodin has appealed, asserting the following assignments of error:

### ISSUES

**I. The chancery court lacked personal jurisdiction over Goodin.**

**II. The chancellor abused his discretion in proceeding with trial when Goodin had no representation.**

**III. The chancellor abused his discretion in not recusing himself.**

**IV. DHS misstated the date Goodin and McKay divorced.**

**V. The chancellor abused his discretion in not considering Goodin's back injury in reaching a decision.**

**VI. The chancellor abused his discretion in overruling Goodin's objections at the September 15, 1999, hearing.**

**VII. The chancellor abused his discretion in not prorating child support arrearages owed by Goodin.**

**VIII. Goodin's character should be considered on appeal.**

**IX. The chancellor abused his discretion by preventing Goodin from completing his argument at the September 15, 1999, hearing.**

In addition to these issues, DHS makes the following contention:

**X. This Court should tax Goodin with the costs of this appeal and award statutory damages if it affirms the chancellor's decision.**

## STATEMENT OF FACTS

¶2. Goodin and McKay married in Mississippi and later became residents of Arizona where they eventually divorced. Pursuant to the divorce, the Superior Court of Cochise County, Arizona, ordered Goodin to pay $776 in monthly child support for the two unemancipated children born of this marriage.

¶3. After the divorce, McKay and the two children returned to Mississippi to live. McKay remarried and obtained employment at Melody Homes where, according to Goodin, she receives a sizable income. Goodin also returned to Mississippi, enrolling in classes at East Central Community College ("ECCC") in Decatur, Mississippi, where he has been a full-time student since August 1998, and working in Starkville, Mississippi, in the summer of 1999.

¶4. Goodin, by his own admission, did not pay child support between February 1998 and July 31, 1999, although he did remit a portion of his earnings from the summer of 1999 to McKay. Because Goodin had not paid child support in that period, DHS, on behalf of McKay, sought to enforce the Arizona order in Mississippi, filing a Petition to Enforce and Give Full Faith and Credit to a Foreign Child Support Judgment ("Petition") in the Chancery Court of Winston County, Mississippi.

¶5. Following the filing of the Petition, Goodin appeared before Chancellor Edward Prisock, and with the assistance of counsel opposite, objected to the court's jurisdiction over him, objected to service of process, and requested a continuance in order to obtain representation. After warning Goodin that he would have to represent himself if he did not obtain counsel, the chancellor granted Goodin a one month continuance.[1] When Goodin returned for the September 15, 1999, hearing ("hearing"), he had not obtained counsel and was required to represent himself. At the hearing, Goodin raised four significant objections. First, Goodin again objected to the court's jurisdiction, stating that he was a resident of Arizona, not Mississippi. Second, Goodin claimed that, since the chancellor's law clerk had previously worked at DHS and had initiated the Petition, the chancellor should recuse himself. Third, Goodin contended that a motion for modification of his child support obligation was still pending in the courts of Arizona but provided no documentation for this argument. Finally, Goodin reiterated his previous position as to service of process, testifying that he had never been personally served, that service had been left with his mother at her home, and that he did not reside with her. Overruling Goodin's objections, the chancellor granted the Petition and entered an order for withholding, directing Goodin to continue to pay the $776 in monthly child support, to pay $75 per month toward his arrearages of $10,088, and to pay $1,000 within 20 days or be incarcerated. Aggrieved, Goodin has appealed.

## STANDARD OF REVIEW

¶6. This Court's scope of review of the findings of a chancellor in domestic relations matters is limited. *Pearson v. Pearson*, 761 So. 2d 157, 162 (Miss. 2000). The findings of the chancellor will be overturned on appeal only if "manifestly wrong, clearly erroneous, or if the chancellor applied an erroneous legal standard."*Id.* at 162. No finding will be disturbed or set aside if supported by "substantial, credible evidence."*Id.*

¶7. These standards apply even though Goodin represented himself at the hearing and has now appealed without the assistance of counsel. This Court has stated that "[e]ven when a litigant is *pro se*, a court is to apply the same procedural and evidentiary requirements upon him." *Dethlefs v. Beau Maison Dev. Corp.,* 511 So. 2d 112, 118 (Miss. 1987). Nonetheless, appellate courts generally afford such litigants some degree of leeway on appeal. *See Johnson v. State*, 154 Miss. 512, 513, 122 So. 529 (1929); *Kellar v. Mississippi Employment Sec. Comm'n*, 756 So. 2d 840, 842 (Miss. Ct. App. 2000) (reviewing pro se litigant's brief without supporting citations for "self-evident error for which no authority would be necessary"). As in *Johnson* and *Kellar*, this Court will review the record for any "self-evident" errors that need not be supported by citations.

## LEGAL ANALYSIS

### I. Did the chancery court possess personal jurisdiction over Goodin?

¶8. Goodin contends that he is an Arizona resident as he still owns a house and is still a registered voter there and, therefore, is not subject to the jurisdiction of the Winston County Chancery Court. This Court, however, need not consider whether Goodin is a domiciliary as he was properly served process while physically present in Mississippi.

¶9. The United States Supreme Court has held that a nonresident of a State is subject to the jurisdiction of that State's courts if properly served process while physically present in that State. *Burnham v. Superior Court*, 495 U.S. 604, 628, 110 S. Ct. 2105, 2119, 109 L. Ed. 2d 631, 650 (1990). One may properly serve process to a defendant in Mississippi by having the sheriff or his deputy physically deliver a copy of the summons and complaint to the defendant. Miss. R. Civ. P. 4(c)(2). Upon completion of physical service, the sheriff or deputy must file a "proof of service" form with the court. Miss. R. Civ. P. 4(f).

¶10. In the case sub judice, this Court finds Goodin personally subject to the jurisdiction of this State's courts under *Burnham*. DHS properly served Goodin a copy of the summons and complaint as is reflected in the "proof of service" form, signed by Winston County Deputy Sheriff Curtis Austin, indicating he personally served process to Goodin in Mississippi. While Goodin maintained at the hearing that he had not been properly served process by DHS, Goodin fails to raise that issue on appeal. This Court has long held that issues not properly raised on appeal are procedurally barred from consideration. *See Glover v. Jackson St. Univ.*, 755 So. 2d 395, 398 n.1 (Miss. 2000); *Moore v. State*, 676 So. 2d 244, 245 (Miss. 1996). Even were Goodin's contention not procedurally barred, this Court finds substantial, credible evidence in the "proof of service" form to support the chancellor's finding that the trial court had jurisdiction over the parties and affirms the trial court's decision.

### II. Did the chancellor abuse his discretion in proceeding with trial when Goodin had no representation?

¶11. Goodin contends that the chancellor erred in requiring him to represent himself. This Court finds no merit in Goodin's argument for two reasons.

¶12. First, this Court has held that the rights to appointed counsel and to effective assistance of counsel do not apply in civil proceedings. *DeMyers v. DeMyers*, 742 So. 2d 1157, 1162 (Miss. 1999). The United States Supreme Court has ruled similarly, stating that counsel should be appointed only in cases in which, if the unrepresented party loses, he "may be deprived of his physical liberty." *Lassiter v. Department of Soc. Servs.*, 452 U.S. 18, 26-27, 101 S. Ct. 2153, 2159, 68 L. Ed. 2d 640, 649 (1981). In the case at hand, Goodin had no right to have counsel appointed as this was a civil proceeding. Goodin had the opportunity to obtain counsel but failed to do so.

¶13. Second, Mississippi's Constitution guarantees litigants in the courts of this State the right to represent themselves as they see fit. Miss. Const. art. 3, § 26. In the instant case, the chancellor warned Goodin that he would be required to represent himself if he did not locate counsel before the hearing and allowed Goodin one month in which to secure counsel. Goodin simply chose to ignore the chancellor's warning, as he was free to do. This Court finds no abuse of discretion by the chancellor as both the warning given and the length of time afforded Goodin were sufficient.

### III. Did the chancellor abuse his discretion in not recusing himself?

¶14. Goodin claims the chancellor erred in refusing to recuse himself in this matter since his law clerk, Martha Wallace, had earlier initiated the pending Petition while employed with DHS. Because Wallace did not participate in this matter while employed as the chancellor's law clerk, this Court finds no error in the chancellor's decision not to recuse himself.

¶15. Mississippi chancellors are presumed to be "qualified and unbiased." *Walls v. Spell*, 722 So. 2d 566, 571 (Miss. 1998). Given that presumption, this Court has stated that it will review a chancellor's refusal to recuse himself under the "manifest error standard." *Id.* at 571. The test, this Court has held, is whether a "reasonable person, knowing all the circumstances, would harbor doubts about [the chancellor's] impartiality."[2] *Rutland v. Pridgen*, 493 So. 2d 952, 954 (Miss. 1986). So long as that impartiality does not result from some personal bias or prejudice or from personal knowledge of disputed evidentiary facts, this Court will analyze the chancellor's decision with this "reasonableness" test.

¶16. Patricia Faver, representing DHS at the hearing, informed the chancellor that Wallace had initiated the Petition, but that Wallace had had no further involvement in the matter while so employed at DHS. Faver added that she had not had contact with Wallace about the Petition since she left DHS. Similarly, Chancellor Prisock indicated Wallace had not been involved in the matter while employed as his law clerk.

¶17. This Court concludes that no reasonable person would harbor doubts as to Chancellor Prisock's impartiality. As officers of the court, Faver and Chancellor Prisock were under a duty to respond truthfully to Goodin's inquiries, and all responses elicited here indicate there was no improper influence or bias on the part of either Faver or the chancellor. Therefore, Goodin's third argument is also without merit.

### IV. Did DHS misstate the date Goodin and McKay divorced?

¶18. Goodin alleges that the date of his divorce was misstated during the hearing. This Court notes that the misstatement was corrected, however, during the same hearing. Regardless, the date of divorce is irrelevant to whether the chancellor should have enforced the foreign child support order, and Goodin's fourth

argument is also without merit.

### V. Did the chancellor abuse his discretion in not considering Goodin's back injury in reaching a decision?

¶19. Goodin states that McKay misled the chancellor as to the cause of his termination from an electric company in Arizona and, in essence, argues that the chancellor erred in enforcing the foreign child support order and in refusing to decrease past due and future support payments. At the hearing, Goodin maintained that he had been terminated due to degenerative disc disease which left him unable to perform the required labor. Goodin, however, produced no documentation of this injury. While Goodin now suggests that McKay misled the chancellor as to why Goodin was fired, McKay admitted that Goodin had made several visits to the chiropractor and had missed several days of work due to his back problems. Not only does this Court find McKay did not attempt to mislead the trial court as to the cause of Goodin's termination, but this Court also finds that the chancellor did not err in enforcing the Arizona support order for two reasons.

¶20. First, Goodin filed no petition for modification of support. As a result, the issue of modification was not properly before the trial court, and any statements relating to the cause of termination are irrelevant to the case. Second, these statements have no bearing on the issue of the amount of past due child support payments. This Court has long held that "child support obligations vest in the child as they accrue. Once they have become vested, . . . they cannot be modified or forgiven by the courts." *Mississippi St. Dep't of Human Servs. v. St. Peter*, 708 So. 2d 83, 84 (Miss. 1998). Thus, the cause of Goodin's termination has no relevance to whether he owed past support payments. The sole issue for consideration, rather, becomes whether Goodin made those payments, which, according to his own admission, he did not.

¶21. Even were this Court to deem Goodin's oral assertions at trial sufficient to raise the issue of modification of future child support obligations, the chancellor here properly denied Goodin's "petition." Under Mississippi law, the best interests of the children are always the "touchstone" in child support modification actions. *Tedford v. Dempsey*, 437 So. 2d 410, 417 (Miss. 1983). This Court requires the moving party to establish an unforeseeable "material or substantial change" in circumstances as a result of events which arise after entry of the original decree." *Morris v. Morris*, 541 So. 2d 1040, 1042-43 (Miss. 1989). In past cases, this Court has held that an ex-wife's remarriage to a wealthy individual did not constitute a "material change in circumstances" so as to relieve the payor spouse of his obligation to support his children. *Tedford*, 437 So. 2d at 420. Nor does increased debt, even where part of that debt is incurred to ensure payment of child support, alone, "warrant a reduction in child support." *Lack v. Nash*, 751 So. 2d 1078, 1082 (Miss. Ct. App. 1999). *See also Varner v. Varner*, 666 So. 2d 493, 497 (Miss. 1995) (holding that "[p]ersonal bills cannot be used as a factor to reduce support payments"). In the case at hand, this Court notes that, first and foremost, Goodin's children remain unemancipated and, therefore, are entitled to support from Goodin. Goodin does not receive the benefit of McKay's remarriage or her obtaining employment; his obligation does not terminate simply because his ex-wife now has greater financial wherewithal. Moreover, the fact that Goodin has incurred increased costs due to his enrollment at East Central, alone, does not help Goodin's cause. This Court finds Goodin has failed to establish that his loss of income due to physical impairment was unforeseeable at the time of divorce. Both Goodin and McKay testified that Goodin had visited the chiropractor several times during the marriage, and thus, Goodin's alleged disk disease should have been taken into account when the parties entered into the divorce agreement in Arizona. Regardless, the issue of modification is not properly before this Court as no petition to modify child support was filed in the trial court, and this contention by Goodin is without merit.

### VI. Did the chancellor abuse his discretion in overruling Goodin's objections at the Hearing?

¶22. Goodin makes a blanket assertion that the chancellor erred in overruling his objections but makes no specific argument in support of his claim. After a review of the record, it appears that, indeed, the chancellor overruled each "objection" made by Goodin; however, the chancellor's rulings in each instance were proper.

¶23. Specifically, Goodin objected, in some form, to the court's jurisdiction over him, to the service of process, to the chancellor's requiring him to proceed without counsel, and to the chancellor's refusal to recuse himself. Each of those objections, which are discussed above in Issues I - III, are without merit.

¶24. The other three objections Goodin made at the hearing are also without merit. First, Goodin objected to the admission of testimony pertaining to the situs of his recent visits with his children. This testimony was permissible to establish that both Goodin and the children were residing in Mississippi, and thus, the chancellor properly overruled Goodin's objection here. Second, Goodin objected to the admission of an employment verification questionnaire showing Goodin's gross income from the summer of 1999 and withholdings for social security, income tax, and retirement. This questionnaire, which had been filled out by his employer from that summer, served to show Goodin's present residence and his ability to earn wages, and thus, the chancellor properly overruled Goodin's objection here. Third, Goodin objected to proceeding with the matter below while there allegedly was a motion to modify his child support obligation pending before the court in Arizona. Goodin offered no proof as to whether such a motion had actually been filed, however, and thus, the chancellor did not err in proceeding in this matter. This issue is without merit.

### VII. Did the chancellor abuse his discretion in not prorating child support arrearages owed by Goodin?

¶25. Goodin contends that a motion to modify his child support obligation had been filed in Arizona and had not been ruled upon at the time of the hearing. Goodin's argument fails for two reasons.

¶26. First, Goodin provided no documentation as to this contention. Second, even had Goodin presented evidence that the Arizona court had, in fact, decreased Goodin's child support obligation, Goodin still would not be entitled to proration of past due child support payments. *See St. Peter*, 708 So. 2d at 84 (holding that past due child support payments cannot be judicially modified). This argument is also without merit.

### VIII. Should Goodin's character be considered on appeal?

¶27. Goodin makes several statements as to the type of parent he is and includes three character references in his Brief. Goodin's character, however, has no relevance to the issues in this matter, and this Court finds this issue lacking in merit.

### IX. Did the chancellor abuse his discretion by preventing Goodin from completing his argument at the Hearing?

¶28. Goodin asserts that the chancellor erred by stopping short his statement regarding his current search for employment. As discussed above, however, Goodin had not made a motion for modification of his child support, and, thus, the issue of Goodin's ability to work was irrelevant. Moreover, the record reflects that Goodin had thoroughly discussed his ability to work throughout the hearing, and this Court finds no error in the trial court's decision to prevent Goodin from continuing to make repetitive and irrelevant statements.

**X. Should this Court tax Goodin with the costs of this appeal and award statutory damages if it affirms the chancellor's decision?**

¶29. DHS, the Appellee, has requested this Court to order Goodin to pay the costs incurred on this appeal and appropriate statutory damages if this Court affirms the chancellor's decision. This Court finds DHS' motion well-taken and assesses Goodin with the costs of appeal and appropriate statutory damages.

¶30. The Mississippi Rules of Appellate Procedure provide that all "costs shall be taxed against the appellant unless otherwise ordered" if the judgment is affirmed. Miss. R. App. P. 36(a). While this Court possesses discretion in awarding or denying costs, this Court generally assesses costs against the unsuccessful appellant absent "special circumstances." *Northern Elec. Co. v. Phillips*, 673 So. 2d 1384, 1385 (Miss. 1996). In regard to statutory damages, where a judgment is affirmed on appeal, the appellant should be assessed a 15% damages penalty. Miss. Code Ann. § 11-3-23 (1991).

¶31. In the case sub judice, this Court affirms the chancellor's enforcement of the Arizona child support order, and orders Goodin to pay the costs incurred by DHS on this appeal and appropriate statutory damages as this Court finds no "special circumstances" to warrant a different ruling.

## CONCLUSION

¶32. This Court finds that substantial, credible evidence supports the chancellor's decision to enforce the Arizona support order. The trial court was not clearly erroneous in finding it had jurisdiction over Goodin. Despite the conflicting testimony of Goodin, the chancellor had before him the Sheriff's Return form which clearly indicated Goodin had been properly served in Mississippi. Further, the trial court did not abuse its discretion in requiring Goodin to represent himself at the hearing. The chancellor provided Goodin ample notice and opportunity to obtain legal counsel. Additionally, no error can be found in the chancellor's refusal to recuse himself due to the past association of his law clerk with DHS. There is simply no substantial, credible evidence in the record to suggest bias by the chancellor. Finally, there are no other "self-evident" errors in the record. The issues raised by Goodin are without merit, and this Court affirms the judgment of the Winston County Chancery Court.

¶33. **AFFIRMED.**

**PITTMAN AND BANKS, P.JJ., McRAE, SMITH, MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR.**

1. The chancellor granted Goodin a continuance from August 18, 1999, to September 15, 1999.

2. Federal district court judges are held to similar standards and are required to automatically recuse themselves if their impartiality might reasonably be questioned. 28 U.S.C. § 455 (1996). Parties must show that the impartiality is based on personal and not judicial bias. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1020 (5th Cir. 1981).