# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2011-CA-01401-SCT

*FRANKIE L. REASOR*

*v.*

*ROSE M. JOHNSON JORDAN*

DATE OF JUDGMENT:                08/17/2011
TRIAL JUDGE:                     HON. EUGENE LOVE FAIR, JR.
COURT FROM WHICH APPEALED:       FORREST COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:          CAROL ANN ESTES BUSTIN
ATTORNEY FOR APPELLEE:           CANDANCE L. RICKMAN
NATURE OF THE CASE:              CIVIL - DOMESTIC RELATIONS
DISPOSITION:                     AFFIRMED IN PART, VACATED IN PART
                                 AND REMANDED - 04/04/2013
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**KING, JUSTICE, FOR THE COURT:**

¶1.    After a lengthy battle regarding child custody, visitation, and child support, a chancellor granted Frankie Reasor custody of his teenage daughter. But the chancellor found Reasor in arrears on child-support payments, held him in contempt, and entered a judgment in favor of Rose Jordan for back child support. This appeal concerns a subsequent hearing in which a second chancellor determined the amount of arrears, entered a fifty-five-percent withholding order to collect the judgment, and ordered Reasor to pay Jordan's attorney's fees.

¶2.    Reasor raises five issues on appeal:

I. Whether the chancellor erred by proceeding with trial without Reasor's counsel present.

II. Whether the chancellor erred in finding Reasor in contempt without the requisite Rule 81(d) notice.

III. Whether the chancellor erred by conducting a hearing on Jordan's motion for status conference.

IV. Whether the chancellor erred by not considering other issues pending before the court.

V. Whether the chancellor erred by entering a fifty-five-percent withholding order.

On the first four issues, we affirm the chancellor's rulings. However, we find the chancellor erred by entering a fifty-five-percent withholding order.

## FACTS AND PROCEDURAL HISTORY

¶3. According to Reasor, Jordan had denied him visitation. Thus, in 2000, he filed a complaint to establish visitation rights with his daughter. Reasor also had requested the court determine his child-support obligation. On June 14, 2001, the chancellor entered an order which granted Reasor visitation and ordered him to pay $283 per month in child support and $78.40 toward the child's medical insurance.

¶4. In 2005, Reasor filed a complaint to obtain custody of his daughter. In his complaint, Reasor stated that Jordan had denied him visitation because of his failure to pay child support. This complaint later was dismissed for want of prosecution.

¶5. In 2008, Jordan filed a petition for contempt against Reasor, claiming that he had failed to make child-support and medical-insurance payments. She submitted a support-collections ledger with her petition, which showed that Reasor's last payment had been made

February 24, 2004.  In response, Reasor filed an answer and counterclaim for custody of their teenage daughter, alleging a material change in circumstances.[1]  The child filed a "Selection of Custodial Parent," electing to live with Reasor.  Based on the parties' agreement, the chancellor entered a judgment on December 23, 2008, which granted Reasor custody and ruled in favor of Jordan on the child-support-arrears issue.  The judgment stated that:

> It is further considered, ordered, and adjudged that a judgment will be entered in favor of the Petitioner for the arrearage as requested in her Petition for Contempt and at such time as the Court reviews the financial information, the undersigned Chancellor shall enter an order as to the issue of contempt as it relates to the arrearage.

¶6.    Years went by without any formal action in the case.[2]  Then, on September 15, 2010, Jordan filed a "Motion for Status Conference," stating that the 2008 judgment was silent on the child-support arrearage assessed against Reasor and requesting the chancellor to determine the amount owed.  On October 12, 2010, Reasor's attorney filed a motion to withdraw as counsel, raising health issues.  The court never ruled on the motion to withdraw.  Jordan's "Motion for Status Conference" was set for hearing twice and finally heard in August 2011.[3]

¶7.    Reasor attended the hearing pro se, and a different chancellor presided over the case.

---

[1] Reasor claimed that Jordan's new husband had threatened him and had physically and mentally abused his daughter.

[2] During that time, Jordan sent the chancellor at least three ex-parte letters, requesting the court order Reasor to pay the back child support.

[3] The case was noticed for hearing on April 20, 2011, and June 30, 2011.  Each time, the notice set forth the specific date, time, and location of the hearing.  The notice also stated the purpose of the hearing – to determine the amount of child-support arrears owed by Reasor.

During the hearing, Reasor agreed that he was in arrears. Reasor explained, ". . . I haven't [paid] . . . because I haven't been told what I was supposed to pay." Reasor further explained:

> I was told by Judge Thomas that I was supposed to provide a financial statement, and once we both did that, within two weeks we would decide how much I was supposed to pay . . . I never got it, so I don't know what I'm supposed to pay. I'm here because I thought that was what I was here for, to find out what I was supposed to pay. It was already determined I was in arrears. This was not forced child-support. I put myself on child-support, and I cut it off. I did. Maybe I shouldn't have, but I thought the same thing about not being able to see my child, not being able to talk to her. I felt like that was wrong too, and I cut if off. I did. So I realize that I do owe some money . . . .

Jordan testified that, since the 2008 hearing, Reasor had not paid toward the judgment.

¶8. The chancellor questioned Reasor about his finances, employment, and living expenses. On August 19, 2011, the chancellor entered judgment for Jordan and ordered Reasor to pay $24,428.37 in arrears and $2,000 in attorney's fees. The chancellor also entered an order to withhold fifty-five percent of Reasor's monthly income until the judgment was paid in full. The chancellor reserved his ruling on contempt and reset the matter to be reviewed during the next term of court Aggrieved, Reasor, now represented by counsel, timely filed his notice of appeal.

## ANALYSIS

### I. Due Process: Right to Counsel

¶9. Because the chancellor proceeded with the hearing absent Reasor's attorney, Reasor

argues that he was denied due process.[4] He also claims that the chancellor erred by not inquiring into his attorney's whereabouts. Alternatively, Reasor contends that he had a right to representation – even appointed counsel – because he could have been incarcerated if held in contempt of court. Jordan argues that Reasor was given due process.

¶10. A party is not entitled to a lawyer in a civil proceeding of this nature. *Goodin v. Miss. Dep't of Human Servs.*, 772 So. 2d 1051, 1055 (¶12) (Miss. 2000) (finding chancellor did not err by requiring defendant to represent himself in back-child-support action). In fact, the Mississippi Constitution grants litigants the right to represent themselves. Miss. Const. art. 3, § 26. "[C]ounsel should be appointed only in cases in which, if the unrepresented party loses, he 'may be deprived of his physical liberty.'"*Goodin*, 772 So. 2d at 1055 (¶12) (quoting *Lassiter v. Dep't of Soc. Servs. of Durham County, N.C.*, 452 U.S. 18, 26-27, 101 S. Ct. 2153, 2159, 68 L. Ed. 2d 640, 649 (1981)).

¶11. In 2008, the chancery court had entered a judgment against Reasor, finding him in arrears, but the order did not state the amount owed. After Reasor's attorney had filed the motion to withdraw as counsel, Reasor had ten months to secure new counsel before the 2011 hearing. He neither secured new counsel nor requested a continuance.[5]

---

[4]On October 12, 2010, Reasor's trial counsel had filed a motion to withdraw and requested a sixty-day continuance for Reasor to find other counsel. The motion was never ruled upon. Pursuant to Mississippi Professional Conduct Rule 1.16, trial counsel remained Reasor's lawyer until the chancery court approved his withdrawal. *See* Miss. Rule of Prof'l Conduct 1.16. But also, the hearing was not held until April 2011, giving Reasor several months to find other counsel.

[5]Regardless, we review a chancellor's decision to grant or deny a continuance for an abuse of discretion. *J.C.N.F. v. Stone County Dep't of Human Servs.*, 996 So. 2d 762, (Miss. 2008) (finding an indigent mother, facing a termination of parental rights, neither was entitled to appointed counsel nor entitled to a continuance to obtain counsel). Thus, Reasor

¶12. During the 2011 hearing, Reasor admitted he had not paid his arrears; he knew he owed something; but he was waiting for the court to provide that information. In the 2011 hearing, the chancellor did exactly this – performed a mechanical computation to determine the amount owed by Reasor to Jordan. The chancellor declined to address the contempt issue, setting the case for review at a later date.

¶13. We find that the chancellor did not err by allowing Reasor to proceed pro se. Also, because the chancellor did not address contempt in the 2011 hearing, we find Reasor was not denied due process. This issue is without merit.

## II. Due Process: Notice

¶14. Reasor claims that he was not served properly with notice of the 2008 and 2011 hearings pursuant to Mississippi Rule of Civil Procedure 81(d).[6] Thus, he claims any subsequent ruling was erroneous. Jordan argues that this was not a contempt proceeding; thus Rule 81(d) notice was unnecessary. Furthermore, because Reasor failed to raise this claim below, Jordan contends the issue is barred from review.

¶15. Following the 2008 hearing, the parties reached an agreement regarding custody and

---

would not automatically have been entitled to a continuance.

[6]In a contempt proceeding, due process requires that a defendant be given adequate notice pursuant to Rule 81(d). *Vincent v. Griffin*, 872 So. 2d 676, 678 (¶¶6-8) (Miss. 2004). Under Rule 81(d), the defendant must be served with a summons, along with the petition, which instructs the defendant to appear and defend the petition at a specific time and place and informs the defendant that an answer is not necessary. *See* M.R.C.P. 81(d)(5) cmt. But, "[t]he due process rights to notice and hearing prior to a civil judgment are subject to waiver." *Dennis v. Dennis*, 824 So. 2d 604, 610 (¶14) (Miss. 2002) (quoting *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 185-86, 92 S. Ct. 775, 782, 31 L. Ed. 2d 124 (1972)).

the child-support arrearage.[7]  Based on this agreement, the chancellor entered an order awarding custody to Reasor and finding Reasor in arrears.  The chancellor reserved ruling on the amount Reasor owed to Jordan.  Reasor, then represented by counsel, failed to object to service of process at this hearing.  As noted in footnote six of this opinion and by the dissent, "the right to contest the court's jurisdiction based upon a claimed problem with service may be lost after making an appearance in the case if the issues related to jurisdiction are not raised at the first opportunity."  Pierce, J., Sep. Op. at ¶41.

¶16.    Jordan filed her "Motion for Status Conference" and requested the court to determine the amount Reasor owed her.  At no time did she request that Reasor be held in contempt. During the 2011 hearing, Reasor indicated "I'm here because I thought that was what I was here for, to find out what I was supposed to pay.  It was already determined I was in arrears. This was not forced child-support.  I put myself on child-support."  The chancellor determined the amount of arrears owed but did not rule on any contempt claims, resetting the issue to be reviewed at a later date.  Again, Reasor failed to raise any service-of-process claim at the 2011 hearing.

¶17.    This Court is not obliged to review issues unless they are properly preserved for appeal. *Dennis v. Dennis*, 824 So. 2d 604, 611 (¶18) (Miss. 2002).  When a person elects to proceed pro se, he "is bound by the same rules of practice and procedure as an attorney." *Bullard v. Morris*, 547 So. 2d 789, 790 (Miss. 1989).  Because Reasor failed to claim insufficient service of process at both hearings, we find the issue has been waived and is

---

[7]The parties read the agreement into the record and specifically agreed "that a judgment will be entered in favor of the mother on the arrearage spoken of in the petition."

barred procedurally from review. *See **Dennis***, 834 So. 2d at 611 (¶18) (the defendant voluntarily appeared before the court, allowed the chancellor to adjudicate his claims, and failed to raise the alleged insufficiency of process below). Furthermore, because both chancellors declined to rule on contempt issues, setting the issues for review at a later date, Reasor did not suffer any prejudice. This issue is without merit.

### III.  Motion for Status Conference

¶18.  Reasor complains that Jordan was granted relief on a motion which did not exist. Specifically, Reasor argues that Jordan's "Motion for Status Conference" was insufficient to grant her relief. Jordan claims her "Motion for Status Conference" was properly noticed and that it specifically advised Reasor of the relief being sought – a determination of arrears.

¶19.  Mississippi Rule of Civil Procedure 7(b)(1) provides that:

> An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

M.R.C.P. 7(b)(1). As mentioned previously, Jordan filed her "Motion for Status Conference" to have the 2008 judgment, which found Reasor in arrears, made final. In her "Motion for Status Conference," Jordan stated to the court:

> On December 23, 2008, this Court entered a Judgment in this matter. The Judgment is silent as to a determination of child-support arrearage to be assessed against the Defendant, Frankie L. Reasor. This Court should review this file and matter and make a determination as to the amount of arrearage which should be assessed against the Defendant . . . [and Jordan] respectfully requests this Honorable Court to set this matter for a Status Conference on its next available date.

8

Jordan served this motion twice upon Reasor and his attorney of record.[8] Both notices indicated that Jordan sought a determination of arrears owed by Reasor.

¶20. Under Rule 7(b)(1), we find that Jordan's motion was sufficient and that it specifically advised Reasor of the relief sought. Thus, the chancellor did not err by granting Jordan relief on this motion. This issue is without merit.

### IV. Pending Issues

¶21. During the 2011 hearing, Reasor raised his custody and support of the child to oppose Jordan's request for arrears. Jordan objected, stating that the issue was not properly before the court. The chancellor sustained Jordan's objection.

¶22. According to Reasor, the chancellor erred by refusing to consider pending issues before the court – specifically a modification of his child-support obligation – which he claims he raised during the 2008 hearing.[9] Jordan contends no other issues were pending before the court, and Reasor never requested child support.

¶23. The Court considered this precise issue in *Goodin v. Department of Human Services*, 772 So. 2d 1051 (Miss. 2000). In *Goodin*, the Department of Human Services, on behalf of the mother, sued the defendant for back child support. *Goodin*, 772 So. 2d at 1053 (¶1). Based on his recent job loss and back injury, the defendant requested the chancellor reduce

---

[8]Reasor and his attorney were served on April 20, 2011. The chancellor assigned to the case recused, and the case was reset for hearing. The case was assigned to a new chancellor. Thereafter, Jordan served Reasor and his attorney with a second notice of hearing on June 30, 2011.

[9]During the 2008 hearing, Reasor did not request child support from Jordan. In the event the chancellor declined to grant Reasor custody, Reasor requested the chancellor place the child in an aunt's care. Reasor requested the chancellor order Jordan to pay child support to the aunt, not himself.

9

his past-due and future child-support payments. *Id*. at 1056 (¶19). The chancellor declined. *Id*. On appeal, the Court affirmed the chancellor's ruling, holding that "First, Goodin filed no petition for modification of support. As a result, the issue of modification was not properly before the trial court, and any statements relating to the cause of termination are irrelevant to the case." *Id*. at 1056-57 (¶¶20-21).

¶24. Likewise, because Reasor failed to file a petition to modify child support in the trial court, the issue was not properly before the chancellor. Thus, the chancellor properly denied Reasor's request. This issue is without merit.

### V. Withholding Order

¶25. Reasor argues that the chancellor's fifty-five-percent withholding order is oppressive and contrary to law. Because Jordan no longer had custody of their child, Reasor claims that his wages cannot be garnished more than twenty-five percent. Conversely, Jordan contends that the law supports a fifty-five-percent withholding, and the chancellor did not err.

¶26. Mississippi Code Section 85-3-4 addresses the execution of garnishments. In pertinent part, Section 85-3-4 limits most garnishments to twenty-five percent of disposable income.[10] Miss. Code Ann. § 85-3-4(2)(a)(i) (Rev. 2011). But the statute makes an

---

[10]Section 85-3-4(2)(a)(i-ii) provides that:

(2) After the passage of the period of thirty (30) days described in subsection (1) of this section, the maximum part of the aggregate disposable earnings (as defined by section 1672(b) of Title 15, United States Code Annotated) of an individual that may be levied by attachment, execution or garnishment shall be:

(a) In the case of earnings for any workweek, the lesser amount of either,

10

exception for judgments for the support of another person – for example, a child-support order.[11]  Miss. Code Ann. § 85-3-4(3)(a)(i).  Under that circumstance, the maximum withholding ranges from fifty-five to sixty-five percent of disposable income.  Miss. Code Ann. § 85-3-4(3)(b).[12]

_____

(i) Twenty-five percent (25%) of his disposable earnings for that week, or

(ii) The amount by which his disposable earnings for that week exceed thirty (30) times the federal minimum hourly wage (prescribed by section 206 (a)(1) of Title 29, United States Code Annotated) in effect at the time the earnings are payable; . . . .

Miss. Code Ann. § 85-3-4(2)(a)(i-ii) (Rev. 2011).

[11]Section 85-3-4(3)(a)(i) provides that:

The restrictions of subsection (1) and (2) of this section do not apply in the case of:

(i) Any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by state law, which affords substantial due process, and which is subject to judicial review . . . .

Miss. Code Ann. § 85-3-4(3)(a)(i) (Rev. 2011).

[12]Section 85-3-4(3)(b)(i-iii) allows for an increase in withholding to enforce an order of support for another person:

(b) Except as provided in subparagraph (b)(iii) of this subsection (3), the maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed:

(i) Where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), fifty percent (50%) of such individual's disposable earnings for that week; and

(ii) Where such individual is not supporting such a spouse or dependent child described in subparagraph (b)(i) of this subsection (3), sixty percent (60%) of

11

¶27. The Court has addressed this issue previously in ***Sorrell v. Borner***, 593 So. 2d 986 (Miss. 1992). In ***Sorrell***, the parents divorced, the mother was awarded custody, and the father was ordered to pay child support. ***Id***. at 986. Later, the father sought a change in custody. ***Id***. In response, the mother filed a counterclaim for past-due child support. ***Id***. The chancellor awarded the father custody but held him in arrears, entering a judgment in favor of the mother for back child support. ***Id***. The mother obtained a sixty-five percent garnishment on the father's wages. ***Id***. at 988. Aggrieved, the father filed a petition to modify the order (by offsetting his arrearage by the mother's child-support obligation), and the chancellor denied his petition. ***Id***. at 986-87.

¶28. On appeal, the father challenged the order, arguing that the garnishment should have been limited to twenty-five percent. ***Id***. at 988. Although the father failed to attack the garnishment in his pleadings, the Court noted that the father made an oral objection at the hearing. ***Id***. at 989. Reviewing the applicable statutes, the Court determined that:

> The judgment awarded was for past due child-support, but [the mother] no

---

> such individual's disposable earnings for that week;
>
> (iii) With respect to the disposable earnings of any individual for that workweek, the fifty percent (50%) specified in subparagraph (b)(i) of this subsection (3) shall be deemed to be fifty-five percent (55%) and the sixty percent (60%) specified in subparagraph (b)(ii) of this subsection (3) shall be deemed to be sixty-five percent (65%), if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the period of twelve (12) weeks which ends with the beginning of such workweek.

Miss. Code Ann. § 85-3-4(3)(b)(i-iii) (Rev. 2011).

12

longer had custody of the children. In our opinion, the legislature did not contemplate the exception language to be used in this situation, and [we] are of the opinion that the restriction listed in § 85-3-4(2)(a) should apply to the garnishment here.

*Id*. at 988. Accordingly, the court reversed and remanded the chancellor's judgment. *Id*. at 988-89.

¶29.     Applying the Court's reasoning in *Sorrell*, the withholding restriction in Section 85-3-4(2)(a)(i) should apply to Reasor as well. Like *Sorrell*, Reasor complained about the amount of the garnishment during his hearing. Also, when the judgment was awarded for past-due child support, Jordan no longer had custody of the child. Thus, the chancellor erred by ordering a fifty-five-percent withholding. Instead, the garnishment should have been limited to twenty-five percent of Reasor's disposable income. Accordingly, we vacate the order and remand for a proper determination of withholding.

## CONCLUSION

¶30.     Because the chancellor did not address contempt in the 2011 hearing, we find Reasor was not denied due process. Also, the chancellor did not err by allowing Reasor to proceed pro se.

¶31.     Because Reasor failed to raise a claim of insufficient service of process below, the claim is procedurally barred from review. Also, because the chancellors declined to rule on contempt issues, resetting the issues for review at a later date, Reasor suffered no prejudice.

¶32.     Jordan's "Motion for Status Conference" was sufficient and specifically advised Reasor of the relief sought – a determination of back child support. Thus, the chancellor did not err by granting Jordan relief on this motion.

13

¶33. Because Reasor failed to file a petition to modify child support below, the issue was not properly before the chancellor. Thus, the chancellor did not err by denying Reasor's request.

¶34. When the judgment was awarded for past-due child support, Jordan no longer had custody of the child. Thus, the chancellor erred by entering a fifty-five-percent order for withholding. The garnishment should have been limited to twenty-five percent of Reasor's disposable income. Accordingly, we affirm the judgment in part, vacate the order, and remand the case for further proceedings consistent with this opinion.

¶35. **AFFIRMED IN PART, VACATED IN PART AND REMANDED.**

**LAMAR, KITCHENS AND CHANDLER, JJ., CONCUR. DICKINSON, P.J., CONCURS IN PART AND IN RESULT WITH SEPARATE WRITTEN OPINION. PIERCE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., RANDOLPH, P.J., AND COLEMAN, J.**

**DICKINSON, PRESIDING JUSTICE, CONCURRING IN PART AND IN RESULT:**

¶36. Reasor was not served with process as required by Rule 81. The plurality – finding that he waived process and that he suffered no prejudice – affirms the chancellor anyway. But Reasor's only argument on appeal concerning Rule 81 notice is that – because he "was found in contempt of Court for an arrearage" – we should find the chancellor erred.[13] But

---

[13] The plurality finds the chancellor was in error for proceeding with the hearings without Rule 81 notice, but that Reasor waived the error. The Pierce separate opinion finds that the chancellor was in error for reasons Reasor did not raise or argue.

14

he wasn't,[14] so we shouldn't.[15]

**PIERCE, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶37.   I respectfully dissent on Issues Two and Three.  Because Issue Two would be dispositive, I will not address Issue Three at this time.

¶38.   This Court has said that because contempt proceedings are distinct actions, they require notice consistent with Miss. R. Civ. Proc. 81(d).  ***Shavers v. Shavers***, 982 So. 2d 397, 402 (Miss. 2008).  Mississippi Rule of Civil Procedure 81(d) states,

> Summons shall issue commanding the defendant or respondent to appear and defend at a time and place, either in term time or vacation, at which the same shall be heard.  Said time and place shall be set by special order, general order or rule of the court.  If such action or matter is not heard on the day set for hearing, it may by order signed on that day be continued to a later day for hearing without additional summons on the defendant or respondent.  The court may by order or rule authorize its clerk to set such actions or matters for original hearing and to continue the same for hearing on a later day.

Reasor argues on appeal that he was denied due process when he was found in contempt of Court for an arrearage at both hearings but was never served a summons pursuant to Mississippi Rules Civil Procedure 81(d).  Jordan asserts that, because Reasor already had been found in contempt, a summons was unnecessary.  I disagree.  Here, Reasor was never served with a summons, nor was a date and time set at any previous hearing.  While the chancellor may have rendered a judgment in favor of Jordan for the arrearage as requested on December 9, 2008, no further hearing or matter was dealt with until August 11, 2011, a

---

[14] Reasor was never held in contempt.

[15] Since Reasor's only argument concerning Rule 81 – that he was entitled to notice because he was held in contempt – is not accurate, we should not find the chancellor erred for reasons not argued by Reasor.

15

difference of more than two and a half years.

¶39. This Court has said that:

> The key consideration under Rule 81 is the adequacy of the notice of the date, time and place of the hearing. . . . However, if a proper summons is given that notifies the other party that a new controversy has arisen and of the date, time and place for a hearing, the rule itself provides that an order entered on the day of the initially-scheduled hearing obviates the need for any new summons for a hearing actually held on a  later date.  If no such order is entered, there should be a new Rule 81 summons.

*Vincent v. Griffin*, 872 So. 2d 676 (Miss. 2004).  While an additional summons may not be necessary when an action or matter is continued to a later day for hearing, that did not occur here.  The chancellor never continued the December 9, 2008, hearing to a later date, but rather stated that he "would take the other issues (arrearage issues) under advisement and give the parties two weeks to furnish a financial declaration under the Rule 8.05."  However, nothing else happened until August 11, 2011.

¶40. Justice Dickinson, in his concurrence in part and in result, agrees that Reasor was not served as required by Rule 81.  However, he argues that Reasor was not held in contempt and has no appealable issue.  I disagree.  Jordan filed a Motion for Status Conference in order to get a judgment on a determination of child-support arrearage and contempt.  In his judgment on August 19, 2011, the chancellor addressed these issues and found Reasor in arrears of $24,428.37 plus $2,000 in attorney's fees.  The judgment further ordered that the matter would be reset for review on October 3, 2011, to consider the imposition of sanctions, including incarceration of Reasor for failure to satisfy the judgment.  The Motion for Status Conference was a question for determination of arrearage based on the 2008 hearing.  Even giving Jordan the benefit of the doubt and assuming that a Rule 81 summons was issued

16

properly for the 2008 hearing, the 2008 hearing was not continued to a later date and time certain, and, although Reasor was served for the 2011 hearing, he was not served appropriately under Rule 81. To say that a person need be served under Rule 81 only if he actually is held in contempt would be procedurally incorrect. The fact that there was a possibility that Reasor might be held in contempt was enough to warrant the necessity of a Rule 81 summons.

¶41. Jordan further argues that, because Reasor appeared at the August 2011 hearing and did not raise any objection to the lack of service of a summons, he waived it. This Court has said that no additional Rule 81 summons is required where by order entered on the day of the hearing scheduled under Rule 81, the action may be continued to a later date certain. *Vincent*, 872 So. 2d at 678; M.R.C.P. 81(d)(5). Additionally, the issue of waiver turns on whether there was a complete absence of service of process or whether there was a problem with service. Complete absence of service of process offends due process and cannot be waived. *Chasez v. Chasez*, 935 So. 2d 1058, 1062 (Miss. Ct. App. 2005) citing *Isom v. Jernigan*, 840 So. 2d 104, 107 (Miss. 2003). The right to contest the court's jurisdiction based upon a claimed problem with service may be lost after making an appearance in the case if the issues related to jurisdiction are not raised at the first opportunity. *Chasez,* 935 So. 2d at 1062 (citing *Schustz v. Buccaneer, Inc.*, 850 So. 2d 209, 213 (Miss. Ct. App. 2003)). The plurality finds that Reasor failed to claim insufficient service of process at his hearings and thus, the issue is waived and barred from review. *See Dennis v. Dennis*, 824 So. 2d 604, 611 (Miss. 2002). While Reasor may not have addressed an insufficiency of service of process at the August 2011 hearing, I disagree with the plurality that the issue was

waivable. The chancery court did not have jurisdiction to hear the matter, because Reasor was never issued a summons, nor was the hearing continued to a date and time certain after the initial hearing pursuant to Mississippi Rules Civil Procedure 81. In *Caples v. Caples*, this Court found that the noncompliance with Rule 81 was defective notice, because the summons issued did not indicate the time and place the complaint would be heard. Even though the appellant appeared at the hearing, this Court still reversed and remanded based on improper notice. *Caples v. Caples*, 686 So. 2d 1071, 1074 (Miss. 1996). Accordingly, I respectfully disagree with the plurality on Issue two, because Reasor was not properly served under Rule 81. I would vacate the judgment of the trial court and remand the matter until proper service can be had upon Reasor.

**WALLER, C.J., RANDOLPH, P.J., AND COLEMAN, J., JOIN THIS OPINION.**