LEE, C.J.,
for the Court:
PROCEDURAL HISTORY AND FACTS
¶ 1. Mozelle Newsome and Albert Robinson Jr. had a son on May 19, 1999, named Allen Roy Robinson. Newsome and Robinson lived in Oakland, California, at the time but moved to DeSoto County, Mississippi, sometime in 2008. The parties never married but also had an older daughter who was approximately thirty-three years old at the time of trial. Newsome and Allen moved back to California in November 2009.
¶ 2. Robinson petitioned the DeSoto County Chancery Court for custody of Allen. A temporary order was entered awarding Newsome primary physical custody. After a trial on the merits, the chancellor awarded custody of Allen to Newsome. The chancellor also awarded Newsome attorney’s fees in the amount of $2,500. Robinson now appeals, asserting that the chancellor erred in awarding custody of Allen and attorney’s fees to New-some.
STANDARD OF REVIEW
¶ 3. The standard of review in child-custody cases is quite limited. In order to reverse the chancellor’s findings, the chancellor must be manifestly wrong, clearly erroneous, or have applied an erroneous legal standard. Hensarling v. Hensarling, 824 So.2d 583, 586 (¶ 7) (Miss.2002).
DISCUSSION
I. CUSTODY
¶ 4. In his first issue on appeal, Robinson argues the chancellor erred in awarding custody of Allen to Newsome. We first note that Robinson appeals pro se, and his brief does not contain any relevant law or any comprehensible argu *769 ment. His brief also contains recitations of facts that were not before the chancellor; as such, we will disregard these assertions. “Even a pro se litigant is held to the same procedural and evidentiary requirements as individuals represented by counsel.” Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112,118 (Miss.1987). Regardless, appellate courts generally afford pro se litigants some degree of leeway on appeal. Kellar v. Miss. Employment See. Comm’n, 756 So.2d 840, 842 (¶ 6) (Miss.Ct.App.2000) (reviewing pro se litigant’s brief without supporting citations for “self-evident error for which no authority would be necessary”). We will review the record for any “self-evident” errors that need not be supported by citations.
¶ 5. After a full review of the record, we cannot find any error necessitating reversal. The chancellor reviewed all the child-custody factors under Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983), and determined that it was in Allen’s best interest to live with his mother. The chancellor discussed each factor thoroughly, and the record supports the chancellor’s determination. This issue is without merit.
II. ATTORNEY’S FEES
¶ 6. Again, Robinson fails to cite to any authority to support his assertion that he was unable to pay Newsome’s attorney’s fees. It is clear from his financial declaration that Robinson does have the means to pay part of Newsome’s attorney’s fees. It is also clear from the record that New-some did pay some of her attorney’s fees but was unable to pay the remainder. We find no merit to this issue.
¶ 7. THE JUDGMENT OF THE DeSO-TO COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.