# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00568-COA

**CYNTHIA JO SMITH**                                              **APPELLANT**

**v.**

**CHERYLE MOREHEAD DODD**                                     **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/23/2020 |
| TRIAL JUDGE: | HON. SUSAN RHEA SHELDON |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | CYNTHIA JO SMITH (PRO SE) |
| ATTORNEY FOR APPELLEE: | JOSEPH MICHAEL GIANOLA JR. |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 10/12/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., GREENLEE AND SMITH, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     This appeal stems from a dispute between Cheryle Dodd and Cynthia Smith over a parcel of real property located in Pearl River County, Mississippi.  The Pearl River County Chancery Court entered an order granting summary judgment in favor of Dodd.  The chancellor also quieted and confirmed title to the property in Dodd.

¶2.     Because Smith failed to raise any appealable issue or to cite legal authority for her appeal, we decline to review the merits of this case.  *See* M.R.A.P. 28(a)(7).  Accordingly, we affirm the circuit court's judgment.

## FACTS

¶3.     On March 26, 2019, Dodd filed a complaint against Smith to quiet and confirm title

regarding a parcel of real property in Pearl River County. In her complaint, Dodd claimed that Smith had placed a MEMA[1] cottage on Dodd's property and that Smith utilized Dodd's property to access the cottage.

¶4.    Smith filed a handwritten letter with the chancery court denying the allegations in the complaint. The record reflects that Dodd then served Smith with discovery requests, including interrogatories, a request for production of documents, and a request for admissions. However, Smith failed to respond to any of Dodd's discovery requests.

¶5.    On January 23, 2020, Dodd filed a motion for summary judgment. Dodd attached ten exhibits to her motion for summary judgment, including a survey of the subject property and numerous deeds and conveyances concerning the ownership of the property. These documents show that prior to 1981, Bonita Mitchell owned the subject property. In 1981, Mitchell conveyed the subject property to Dodd's predecessors in title, and the deed reflecting the conveyance was recorded that same year. Later, in 1985, Mitchell conveyed property to Smith's predecessors in title that included the subject property previously conveyed to Dodd's predecessors in title. The deed reflecting this 1985 conveyance was recorded that same year.

¶6.    Smith failed to respond to Dodd's motion for summary judgment, and Smith presented no evidence to contradict the documents submitted by Dodd.

¶7.    After a hearing on the matter, the chancellor entered an order on April 23, 2020,

---

[1] The acronym stands for Mississippi Emergency Management Agency.

granting summary judgment in favor of Dodd. The chancellor also quieted and confirmed title to the real property in favor of Dodd. The chancellor held that "the undisputed facts" showed that Dodd and her predecessors in title acquired the subject property in 1981, four years before Smith or her predecessors in title acquired the property. The chancellor explained that pursuant to Mississippi Code Annotated section 89-5-5 (Rev. 2011), Dodd's title to the subject property takes priority over Smith's title, because the recording of the 1981 deed occurred prior to the execution and recording of 1985 deed. The chancellor stated that Smith failed to present any evidence to dispute these facts. The chancellor also found that Smith "admitted to these facts through her failure to respond to the Requests for Admission propounded herein."

¶8. Smith now appeals from the chancellor's order granting summary judgment.

## STANDARD OF REVIEW

¶9. When reviewing a chancery court's grant of summary judgment, this Court applies a de novo standard. *HWCC-Tunica Inc. v. Miss. Dep't of Revenue*, 296 So. 3d 668, 674 (¶18) (Miss. 2020). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id*. (internal quotation marks omitted); *see also* M.R.C.P 56(c).

## DISCUSSION

¶10. Smith's appellate brief fails to identify any assignments of error or appealable issues.

3

Smith also cites no legal authority in her appellate brief.

¶11. Mississippi Rule of Appellate Procedure 28(a)(7) provides that the argument section in an appellant's brief "shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." We have held that "[w]hen the appellant fails to make a meaningful argument on an issue, the issue is considered waived." *Roundstone Dev. LLC v. City of Natchez*, 105 So. 3d 342, 349 (¶34) (Miss. Ct. App. 2011) ("It is not enough to make a mere assertion and a reference to some authority. This Court has no obligation to develop an appellant's argument."). Additionally, "[i]t is the duty of an appellant to provide authority in support of an assignment of error." *Flowers v. Boolos (In re Est. of Smith)*, 204 So. 3d 291, 313 (¶49) (Miss. 2016) (quoting *McNeil v. Hester*, 753 So. 2d 1057, 1075 (¶65) (Miss. 2000)). The failure to cite authority "is considered abandonment of the issue; thereby making the issue procedurally barred for appellate review." *Id*.

¶12. Although Smith has appealed this matter pro se, the Mississippi Supreme Court has emphasized that "[p]ro se parties should be held to the same rules of procedure and substantive law as represented parties." *Dethlefs v. Beau Maison Dev. Corp.*, 511 So. 2d 112, 118 (Miss. 1987). "Nonetheless, appellate courts generally afford such litigants some degree of leeway on appeal." *Goodin v. Dep't of Hum. Servs.*, 772 So. 2d 1051, 1054 (¶7) (Miss. 2000). This Court will accordingly review the record "for any self-evident error for which no authority would be necessary." *Kellar v. Miss. Emp. Sec. Comm'n*, 756 So. 2d 840,

4

842 (¶6) (Miss. Ct. App. 2000).

¶13.    In this case, Smith filed a brief addendum in which she asks the appellate court "to review all surveys and documents to correctly declare the correct amount of property" that Smith actually owns. Smith also attached various documents to her appellate brief, including copies of surveys, tax maps drawings, lease agreements, and land rolls receipts. However, these documents are not part of the record in the trial court or the record on appeal. "This Court has long held that it cannot consider that which is not in the record." *Stone v. State*, 94 So. 3d 1078, 1082 (¶11) (Miss. 2012).

¶14.    Upon reviewing the record properly before us, we find that the uncontradicted evidence supports the chancellor's order granting summary judgment in favor of Dodd. Section 89-5-5 governs the priority of real-property instruments and provides:

> Every conveyance . . . shall take effect, as to all creditors and subsequent purchasers . . . without notice, only from the time when delivered to the clerk to be recorded; and no conveyance . . . which is unrecorded or has not been filed for record, shall take precedence over any similar instrument affecting the same property which may be of record, to the end that with reference to all instruments which may be filed for record under this section, the priority thereof shall be governed by the priority in time of the filing of the several instruments, in the absence of actual notice.

"In other words, first in time is first in right." *The Pennington Grp. LLC v. PriorityOne Bank*, 228 So. 3d 880, 884-85 (¶10) (Miss. Ct. App. 2017). Here, the subject property was conveyed to Dodd's predecessors in title in 1981, and the deed reflecting that conveyance was recorded that same year. Four years later, in 1985, Smith's predecessors in title received a conveyance of property that included the subject property previously conveyed to Dodd's

predecessors in title, and the deed reflecting this conveyance was recorded that same year. We therefore find that pursuant to section 89-5-5, Dodd's title to the subject property takes priority over Smith's title because the recording of the 1981 deed occurred prior to the execution and recording of 1985 deed.

¶15.    **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**